CHARLOTTE HAYNER, Respondent, v. THE AMERICAN
POPULAR LIFE INSURANCE COMPANY, Appellant.

Defendant having refused to receive overdue premiums upon a policy
issued to plaintiff upon the life of her husband, upon the ground that
the policy had lapsed, she brought an action and obtained judgment
adjudging the policy to be in force upon her paying the premiums
within forty days, or at her election that a paid-up policy should be
issued to her. She elected to take a paid-up policy, and returned her
policy to defendant, with an instrument canceling the same, and
demanded a paid up policy; defendant retained the papers, but
made no response to plaintiff's demand. Defendant appealed to the
General Term, where the judgment was modified by striking out the
provision in reference to a paid-up policy. The insured soon thereafter
died. After such death, and after the expiration of the forty days,
plaintiff demanded a return of the policy and the deed of cancellation,
but received no answer. Defendant subsequently appealed to this
court, where the judgment was affirmed. In an action upon the policy,
*held*, that plaintiff was not bound to tender the premiums until the
defendant should return the policy and deed of cancellation, or evince a
disposition to return them, or should advise her of its determination to
require payment of the premiums; and that plaintiff was entitled to
recover the amount of the policy, less the amount of the unpaid prem-
iums with interest.

(Argued April 19, 1877; decided April 27, 1877.)

APPEAL from judgment of the General Term of the
Supreme Court in the second judicial department, affirming
a judgment in favor of plaintiff, entered upon a decision of
the court on trial without a jury.

This action was upon a policy of insurance, issued by
defendant upon the life of plaintiff's husband Henry Z.
Hayner, for her benefit.

The court found in substance that three quarterly pay-
ments of premium, on said policy, falling due prior to
November 30th, 1870, were extended by defendant to that
date, at which time they were tendered with interest, but
defendant refused to accept the same, claiming the policy
had lapsed; that thereupon plaintiff commenced an action
in the Superior Court of the city of New York to have the

policy adjudged in full force, and obtained judgment therein adjudging that said policy was in full force and virtue, and that defendant should perform and fulfill its terms and conditions; provided that plaintiff, within forty days from the entry of judgment, should pay the past due premiums with interest, or if she should elect, upon giving ten days' notice and upon presenting the policy duly cancelled, she might require a paid-up policy, for an amount equal to the value of the premiums already paid.

That within ten days from the entry of judgment, plaintiff gave the notice required that she elected to take the paid-up policy and on the same day, viz., April 12th, 1872, presented to the defendant, and left it at its office in the city of New York, the original policy duly cancelled by a deed of cancellation, and thereupon demanded of the defendant the equitable paid-up policy provided for in said decree; but the same was not given or offered to be given. That on the sixth day of May, 1872, the defendant appealed to the General Term of said Superior Court, which appeal resulted in a judgment reversing all that portion of the former judgment providing for a paid-up policy, and affirming same in other respects. That from the judgment of the General Term, the defendant on the 23d day of November, 1874, appealed to the Court of Appeals, in which court the judgment was on the 25th day of May, 1875, affirmed. That Henry Z. Hayner died on the first day of April, 1874; that on the 14th day of that month plaintiff demanded a return of the policy and deed of cancellation; that no answer was ever given to the said demand, nor has the original policy or deed of cancellation ever been returned or offered to the plaintiff. That defendant has never notified the plaintiff that it would receive premiums on the policy, or that it had changed its position heretofore taken, that the policy was lapsed, and that no premiums would be received.

And as a conclusion of law the court found plaintiff was entitled to judgment for the amount of the policy with interest less the amount of the unpaid premiums with interest.

*George Bliss*, for the appellant.

*Luther R. Marsh*, for the respondent. Plaintiff was excused from tendering premiums after defendant's refusal to receive them. (*Crist* v. *Armour*, 34 Barb., 378; *Skinner* v. *Tinker*, id., 334; *Bunge* v. *Koop*, 48 N. Y., 225; 3 J. & S., 266–282; 4 id., 211; *Cohen* v. *N. Y. Mut. Ins. Co.*, 50 id., 625; *Fitch* v. *Am. Pop. Ins. Co.*, 59 id., 557, 565, 568; *Morange* v. *Morris*, 3 Abb. [Ct. App. Dec.], 314; *Delevan* v. *Duncan*, 49 N. Y., 485; *Hartley* v. *James*, 50 id., 38; *Karker* v. *Haverly*, 50 Barb., 79.) Defendant is estopped from claiming that it would have received the premiums. (*Cont'l Bk.* v. *Bk. of Comm.*, 50 N. Y., 576.)

MILLER, J. The defendant refused a tender of the overdue premiums on the 30th of November, 1870, made on the policy, in favor of the plaintiff upon the ground that the policy had lapsed. The Superior Court of the city of New York, in an action brought by the plaintiff to have the policy adjudged to be binding and valid, decreed that the same was in force, the plaintiff to pay the past due premiums within forty days from the entry of the decree, or that if she should so elect, that a paid-up policy should be issued to her instead of her paying said premiums. The plaintiff elected to avail herself of this privilege, returned the policy with an instrument cancelling the same, and demanded a paid-up policy accordingly. These papers were kept by the defendant, and no response made to the plaintiff's demand. From this refusal it is rational to assume that the defendant intended to persist in maintaining its claim that the policy had lapsed, and in pursuance of such intention it perfected an appeal to the General Term. There the judgment was modified by striking out the provision which gave an election to the plaintiff to take a paid-up policy. While this judgment was in force, and after the death of the insured in April, 1874, the plaintiff demanded a return of the policy and the deed of cancellation, but no answer was made to this request. Sub-

sequently the defendant appealed to the Court of Appeals, where the decision of the General Term was affirmed. The plaintiff was clearly right up to the time when she demanded the paid-up policy, and it is not apparent that since that time she has neglected to do anything which was essential for the protection of her rights. She was not bound to tender any premiums until the defendant should return, or evince a disposition to return the policy and deed of cancellation. She asked that this should be done, but no response was made to this request, and no intimation given that it would be complied with.

As the evidence stands, it does not appear that the defendant ever receded from the position assumed that the policy had lapsed. Although exonerated by the modification of the decree from issuing a paid-up policy, the company might still have accepted the offer made. It could do this or require payment of the premiums past due, and it did neither. The plaintiff had a right to know which alternative the defendant would accept, and as it kept the policy and deed of cancellation without any notice to the plaintiff of its determination, and did not take the ground that the plaintiff had lost any rights by not complying with the decree within the time named therein, 'and utterly failed to act, it was a legitimate inference that the whole matter was still held for further consideration, or that it still adhered to the position taken originally that it was not liable at all. The act of the defendant in appealing from the decision, as well as its refusal or neglect to return the policy, with no apparent excuse for the same, warrant the conclusion that the company regarded the policy as not in force, or that it had not decided whether it would issue a paid-up policy. Under these circumstances the plaintiff was not required to take further action until she was advised of the defendant's intention. She could not understandingly pay the premiums past due without the policy, and she was not bound to make a tender until she had information as to the amount required, or that it would be accepted, or at least until the company returned the policy

and deed of cancellation. The retention of these papers subsequent to the modification of the decree, without any notice of the intention of the company, was substantially and virtually a declaration that no tender would be accepted, and when such is the fact the law does not require a tender as it would be useless and of no avail. (*Hartley* v. *James*, 50 N. Y., 38 ; *Delavan* v. *Duncan*, 49 N. Y., 485.)

The plaintiff was, we think, justified in relying upon the act of the defendant originally in refusing to receive the premium tendered, which was reiterated and sustained by its subsequent conduct in resisting the plaintiff's claim to the utmost extent, by positive acts as well as by a persistent refusal to communicate with the plaintiff as to its intention, and in the absence of any proof to that effect, we think is estopped from now insisting that it would have accepted the premiums if tendered. (*The Continental Nat. Bank* v. *The Nat. Bank of the Commonwealth*, 50 N. Y., 575.) Its officers failed to speak when called upon, and by their silence as well as acts, must be assumed to have acquiesced in the course of the plaintiff in taking no further action. It must, therefore, abide the consequences of its own position, and is clearly liable. The time which elapsed between the judgment of the General Term and the decision of the Court of Appeals does not affect the plaintiff's right to recover. The litigation was an entire proceeding, and while pending, after the plaintiff had obtained a judgment against the company that the policy was valid; the plaintiff was under no obligation to make a tender; and as we have seen for the reasons already stated, no tender was required afterwards. After the defendant had once refused to take the premiums tendered, there is no ground for claiming that the defendant was entitled to compound interest.

The offer to show that the plaintiff was not entitled to a paid-up policy was properly overruled. The proof could not change the rights of the parties, and therefore was not material.

The judgment was right, and should be affirmed.

CHURCH, Ch. J., FOLGER and EARL, JJ., concur; ALLEN and RAPALLO, JJ., dissent; ANDREWS, J., absent.

Judgment affirmed.