Cromwell *v.* Burr.

Judgment will therefore be rendered against the defendant for $100, and costs.

## Marine Court.

*General Term—November,* 1877.

### WILLIAM H. CROMWELL, Respondent, *against* GEORGE L. BURR, Appellant.

Composition in bankruptcy. Regularity of proceedings. Tender. Conditions. The resolution for composition in bankruptcy and its approval by the court, followed by payment, operate *ipso facto* as a discharge. When jurisdiction attaches everything done within the power of that jurisdiction will, when collaterally questioned, be held conclusive. Where the creditor refuses to receive the payment, the necessity for a tender is dispensed with. If a tender is refused on a specific ground, no other can be urged against it.

*Abram Wakeman,* for appellant.

*E. P. Wilder,* for respondent.

McAdam, J.—The plaintiffs sue upon contract to recover $1,670.52. The defendant in bar of the action sets up proceedings in bankruptcy by composition had in the district court of the United States for the southern district of New York. The proper forms were observed up to and including the time when the final resolution of compromise was passed. The resolution was approved of by the court, and its ratification, if followed by payment of the proper amount, operated *ipso facto* as a discharge of the claims of all creditors whose names, residences and amount of demands appear in the statement. (*U. S. Laws* 1874, ch. 390; 18 *Stat. at L.* 178,

§ 17) ; for no other discharge is necessary (Wetts v. Lamprey, 16 *Bankr. Regr.* 205 ; citing *Re* Becket, 12 *Id.* 201 ; *Re* Trafton, 14 *Id.* 508). The plaintiffs' names, residences and the amount of their demand, appear in the statement, and their claim is barred, unless, by neglect to pay or tender payment, the defendant has lost the benefit of his proceeding.

The plaintiffs make several technical objections to the composition proceedings, and insist that this court shall inquire into their regularity and pass upon their sufficiency. We decline to do so, on the ground that these matters cannot be considered in a collateral proceeding like the present. The supreme court of the United States, in Michaels v. Post (21 *Wall.* 425), said of certain objections to bankruptcy proceedings : "Jurisdiction is certainly conferred upon the district courts in such a case, if the petition presented sets forth the required facts, and the court upon proof of the service thereof, finds the facts set forth in the petition to be true ; and it is equally certain that the district court has jurisdiction of all acts, matters and things to be done, under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt, and the close of the proceedings." And at p. 426, the court held : "As the district courts are created by the act of Congress which confers and defines their jurisdiction, it follows that decrees rendered in pursuance of the power conferred are entitled to the same force and effect as the judgments or decrees of any domestic tribunal, so long as they remain unreversed or not annulled."

In Cornett v. Williams (20 *Wall.* 249), the same court said : "Jurisdiction is the power to hear and determine. To make the order in question requires the exercise of this power. It was the business and duty of the court to ascertain and decide whether the facts were such as called for that action. The question always arises in such proceedings—and must be determined—whether

upon the case as presented, affirmative or negative action is proper. The power to review or reverse the decision as made is clearly appellate in its character, and can be exercised only by an appellate tribunal in a proceeding had directly for that purpose. It cannot and ought not to be done by another court, in another case, where the subject is presented incidentally, and a reversal sought in such collateral proceedings. The settled rule of law is, that jurisdiction having entered into the original case, everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the rights of the parties, unless impeached for fraud. Every intendment is made to support the proceeding. It is regarded as if it were regular in all things, and irreversable for error. In the absence of fraud, no question can be collaterally entertained as to anything lying within the jurisdictional sphere of the original case. Infinite confusion and mischiefs would ensue, if the rule were otherwise." The district court having acquired jurisdiction of the bankruptcy proceedings, every subsequent proceeding is presumed to be regular, and its decision whether correct or otherwise, upon every question properly arising in the case, is binding and conclusive until reversed on appeal (Smith *v.* Engle, 9 *Chic. Leg. N.* 46). Assuming, therefore, as we must, that all the proceedings in the United States court are regular, the only question necessary for us to determine is whether the defendant has by any act or neglect lost their benefit. The defendant did not pay the plaintiffs the amount awarded them by the composition, to wit : forty cents on the dollar, and the determination of this appeal depends upon whether the amount was properly tendered or tender thereof legally waived so as to preserve defendant's rights. The tender was made, but accompanied by conditions which rendered it nugatory, and it will be assumed, therefore, that no tender was made. This is putting it as strongly as the plaintiffs can ask. We will

next pass to the question of waiver. The case shows that the plaintiffs refused to receive any money on the composition, and said that whatever was paid would be credited on general account, and not otherwise. This dispensed with any tender on the part of the defendant. (Murray *v*. Roosevelt, *Anth. N. P.* 138 ; Van Pelt *v*. Woodward, 2 *Sandf. Ch.* 643; Stone *v*. Sprague, 20 *Barb.* 409; Blewitt *v*. Baker, 58 *N. Y*, 611'; Haynes *v*. Am. P. L. I. Co., 69 *N. Y.* 435 ; Lawrence *v*. Miller, 86 *N. Y.* 131 ; Dana *v*. Fielder, 1 *E. D. Smith*, 463 ; Slingerland *v*. Morse, 8 *Johns.* 474; Everett *v*. Salters, 15 *Wend.* 474). The tender having been refused on the specific ground that the plaintiffs would receive nothing under the composition, they cannot now raise any other objection which, had they stated then, might have been obviated (Hull *v*. Peters, 7 *Barb.* 331; 10 *Abb. Pr. N. S.* 484; 21 *N. Y.* 547). Thus, in Duffy *v*. O'Donovan (46 *N. Y.* 223), it was held that a tender having been refused, because not made in time, objection could not afterwards be taken that the tender was not made in money (see also Mitchell *v*. V. C. M. Co., 67 *N. Y.* 282); and a check is a good tender, if not objected to on the ground that it is not money (Becker *v*. Boon, 61 *N. Y.* 317). But for the plaintiffs' positive and unequivocal act, the defendant might afterwards, and in time, have made an unconditional tender, which would have obviated all objection to its sufficiency.

The proceedings in the United States court, being regular, should be upheld (*Exp.* Hemmingway, 26 *Law T. R.* 278), all the other creditors having assented to them.

Having been regularly discharged by the composition proceedings, and the plaintiffs having refused to accept their dividend, the defendant was under no obligation to make an idle tender ; nor was he obliged to deposit the money in court; this procedure is necessary only to save costs.

It follows that the trial judge erred in directing a ver-

dict for the entire amount demanded. It should have been directed for the forty per cent. only.

Judgment reversed and new trial ordered, unless the plaintiffs consent to reduce the judgment in accordance herewith, in which case the judgment as modified will be affirmed, without costs.

ALKER, J., concurred.

Affirmed by the New York common pleas, March, 1878. The court relieved the plaintiffs from their stipulation, and allowed them to take the new trial awarded.