# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1881, IN THE SIXTY-FIFTH YEAR OF THE STATE.

---

### No. 8757.

THE PHŒNIX MUTUAL LIFE INSURANCE CO. *v.* HINESLEY.

PRACTICE.—*Action on Policy of Life Insurance.—Complaint.—Evidence.—Instructions.*—Where, on the trial of an action upon a policy of life insurance, evidence was given tending to establish the substance of the matters in issue, it was not error of the trial court to refuse to give an instruction that "The evidence entirely fails to support the second paragraph of complaint, and the plaintiff can not recover upon that paragraph of her complaint;" and an instruction that "The evidence entirely fails to support the material allegations of the said fourth paragraph of the complaint, and the plaintiff can not recover under that paragraph."

SAME.—*Performance of Contract.—Notice.*—Where one party to a contract gives notice to the other of his determination not to perform on his part, performance by the party receiving such notice is unnecessary.

SAME.—*Variance.—Amendment.—Premium Note.*—A variance between premium notes as described in the complaint and as given in evidence is not fatal, where they are by their terms not payable until a cause of action has accrued in favor of the maker upon the policy of insurance issued to

him by the payee, although the interest be payable annually in advance. Besides, it might have been obviated by amendment, which the Supreme Court will regard as having been made.

SAME.— *Verdict.*— *Weight of Evidence.* — *Supreme Court.* — The Supreme Court will not disturb the verdict of a jury upon the weight or preponderance of the evidence.

LIFE INSURANCE.— *Modification of Policy.*— *Violation of Modified Terms.*— It is competent for the parties to a policy of life insurance to modify or change its terms in regard to the payment of the annual premium; and if the insurer violate and fail and refuse to comply with the modified terms of the policy, a cause of action accrues thereon in favor of the assured, if he be not in default.

SAME.— *Pleading.*— *Practice.* — *Allegations and Proof.*— *Substantial Averments.*— *Substance of Issue.*—The rule that a party must recover upon the allegations of his pleadings *secundum allegata et probata*, or not at all, does not require that all of the most substantial averments of a complaint must be proved, or that there must be evidence tending to prove them, in order to justify a refusal of an instruction that plaintiff is not entitled to recover. A plaintiff is not bound to prove every allegation of his complaint; it is sufficient if he establish the substance of the issue.

SAME.— *Evidence.*— *Variance.*—Where the plaintiff's evidence on the trial showed that for seven consecutive years the premiums on the policy were paid after they were due, instead of ten as alleged, it fairly tended to establish the substance of the issue, although it did not cover the full period of ten years, as alleged.

SAME.— *Evidence.*— *Waiver.*—*Foreign Insurance Company.*—*Notice to General Agent is Notice to Company.*—Where a foreign insurance company has a general agent in this State, who superintends and manages its insurance business in the State, collects premiums and countersigns receipts given for premiums paid to him, notice to such agent that premiums were paid by consent and waiver after they were due, and in relation to any other business of insurance transacted by him for his company, is notice to the company.

From the Marion Superior Court.

*J. E. McDonald, J. M. Butler, G. C. Butler* and *F. B. McDonald,* for appellant.

*F. M. Finch* and *J. A. Finch,* for appellee.

HOWK, C. J.—This was a suit by the appellee against the appellant upon a policy of insurance, issued to the appellee upon the life of her husband, one William Hinesley. The policy was in the sum of twelve hundred dollars, was dated

at the city of Hartford, Connecticut, on the 6th day of February, 1862, and, on the 12th day of the same month and year, was countersigned by the appellant's agent, at Terre Haute, Indiana. The cause having been put at issue was tried by a jury in the court below at special term, and a general verdict was returned for the appellee assessing her damages in the sum of $1,243.98; and with their general verdict the jury also returned into court their special findings as to particular questions of fact, submitted to them by the parties under the court's direction. The appellant's motions for a judgment in its favor on the special findings of the jury, notwithstanding their general verdict, and for a new trial, were severally overruled by the court, and its exceptions were duly saved to each of these rulings; and judgment was rendered for the appellee upon and in accordance with the general verdict. On an appeal to the court below in general term, the judgment at special term was in all things affirmed; and from this judgment of affirmance this appeal is now here prosecuted.

By a proper assignment of error, the appellant has brought before this court the errors assigned by it in the general term of the court below. These errors present for the decision of this court the following questions:

1. As to the sufficiency of the second and fourth paragraphs of complaint;

2. As to the correctness of the court's decision in overruling appellant's motion for a judgment in its favor on the special findings of the jury, notwithstanding their general verdict; and,

3. As to the correctness of the court's decision in overruling the appellant's motion for a new trial.

In their brief of this cause, the appellant's learned counsel have discussed these several questions, in the inverse order of their statement, and in the same order we will consider and decide these questions. The first point made by

counsel in argument is, that the court erred in its refusal to give the jury the fourth instruction asked by the appellant, which instruction reads as follows:

"*Fourth.* The evidence entirely fails to support the second paragraph of complaint, and the plaintiff can not recover upon that paragraph of her complaint."

It is necessary, we think, to the proper presentation of the point thus made by counsel, and to a clear understanding of our decision, that we should give, in this connection, a summary at least of the facts alleged in the second paragraph of the complaint. In this paragraph the appellee alleged, in substance, that, on the 6th day of February, 1862, the appellant issued a policy of life insurance, by which it promised to pay the appellee, in consideration of her payment of the annual premium of $29.52, the sum of twelve hundred dollars, within ninety days after due notice and proof of the death of her husband, William Hinesley; that, by the terms of said policy, the said premium was payable on or before the 6th day of February of each year, but was in fact not collectible then, or until the appellant had given appellee notice of the amount of the reduction thereof by dividend, and notice to pay the same; that the appellant did not require payment on the said day, but for ten years before the death of said Hinesley allowed the same to be paid at any time within sixty days after said date; that the appellant would send notice to appellee each year when the said money was payable by the terms of the policy, but agreed to receive and did receive the same at any time within sixty days thereafter, except as hereinafter stated; that this method of delayed payment was the constant and regular custom of the appellant toward the appellee and was so understood and relied upon by her, as the appellant well knew; that the appellee did not pay or tender any premium on said policy, for the year preceding the death of said Hinesley, until after the same was due by the terms of said policy,

and until after notice from the appellant that the same was payable; that, when said premiums were so tendered and paid, they were received by the appellant without objection, in accordance with its said custom; that the appellee relied upon the appellant's said custom to notify her when said premium was payable, and to receive the same within sixty days after the same was payable by the terms of said policy, as she reasonably might, and did not pay or tender in payment any premium, until notice was received by her concerning the same, and within sixty days thereafter, of all which the appellant had full knowledge and consented thereto, thereby waiving any right to demand payment on the day named in said policy; that the appellant having allowed the appellee to so pay, and having regularly notified her of the time when said premium was payable and the amount due at each payment, became lawfully required to give such notice and to receive the said premium within sixty days thereafter, and could not lawfully demand payment without having given such notice, and before the expiration of sixty days thereafter could not forfeit said policy for the non-payment of said premium; that the appellant, disregarding its said custom and the appellee's rights, negligently, wilfully and fraudulently failed and refused to give the appellee any notice of the amount due by the terms of said policy on February 6th, 1875, until after said date, and then gave said notice to appellee, who immediately thereafter tendered the amount due as the premium for that year, which the appellant fraudulently and without right refused to receive, and thereafter fraudulently declared the said policy forfeited and void; that the said William Hinesley died on the 24th day of October, 1876, of which due notice and proof were given the appellant on March 9th, 1877, and the appellant refused to pay the said sum of twelve hundred dollars, or any part thereof. Wherefore, etc.

The gist of this paragraph of the appellee's complaint,

as we read its allegations of fact in the light of the law ap--
plicable thereto, may be thus stated : While it was conceded
that the annual premium, by the terms of the policy in suit,
was payable on or before the 6th day of February in each
year, yet the appellee claimed and in substance alleged, that
the terms of the policy had been so far modified and changed
by the conduct and agreement of the parties thereto, as that
such annual premium should not become payable until the
appellant had given the appellee notice thereof, and of the:
amount of the payment, after deducting the annual divi-·
dend, and that such payment might be made at any time:
within sixty days after such notice, without any forfeiture·
of the policy.  It was competent for the parties to the policy
of insurance to modify or change its terms in regard to the·
payment of the annual premium, both as to the amount and
the time of such payment, in the manner claimed by the·
appellee in the second paragraph of her complaint ; and if,.
as alleged, the appellant violated the modified terms of the·
policy, and failed and refused to comply therewith, and de--
clared the policy forfeited upon a tender of performance·
by the appellee of her part of the modified contract, there··
can be no doubt, we think, that a cause of action accrued.
to her against the appellant upon the policy as modified.
Whether or not the policy in suit was modified or changed
by the· conduct or agreement of the parties, in the manner··
claimed by the appellee, and whether or not, upon a tender·
of performance by the appellee of her part of the modified
contract, the appellant failed and refused to comply with:
the terms of the modified policy, and declared the same·
forfeited ;—these were questions of fact for the considera--
tion and determination of the jury, upon the evidence ad--
duced before them.

In the fourth instruction asked by the appellant, which·
we have heretofore quoted, it will be seen that the court.
was requested to charge the jury that the evidence entirely·

failed to support the second paragraph of the complaint, and the appellee could not recover thereon. In discussing the alleged error of the trial court, in its refusal to give this fourth instruction, appellant's counsel first give a statement of what they term "the most substantial averments" of the second paragraph of the complaint, in substance, as follows:

"It will be observed that here is a very elaborate attempt to show a waiver of the conditions of the policy as to time of paying premiums, by averring a long continued custom to permit payments of premiums at any time within sixty days after due;

"Not only a long continued custom, but an agreement to receive premiums at any time within sixty days after due by the terms of the policy;

"Not only such an agreement, but the actual receipt by the appellant of premiums at any time within sixty days after due, for a period of ten years;

"Not only such receipt, but full knowledge upon the part of the company, that the premiums had not been paid till after due;

"Not only such custom and knowledge, but reliance by appellee on such custom, and knowledge by appellant of such reliance by appellee."

Having given this statement of some of the most substantial averments of the second paragraph of the complaint, "showing a waiver of some of the conditions of the contract, or a change in the terms of the contract," the appellant's counsel say of these averments, in argument, that "they must be proved, or at least there must be evidence tending to prove them, in order to justify the court below in refusing the instruction under consideration." In support of their argument, counsel refer us to the rule of law, well and often recognized in the decisions of this court, that a party must recover upon the allegations of his pleadings, *secundum allegata et probata,* or not at all. *McAroy* v.

*Wright*, 25 Ind. 22 ; *Boardman* v. *Griffin*, 52 Ind. 101 ; *Terry* v. *Shively*, 64 Ind. 106.

The soundness of this rule of law can not be questioned ; but the appellant's counsel err, as it seems to us, in their application of the rule to the case made by the second paragraph of appellee's complaint. Certainly this rule of law did not require that all of the most substantial averments of the paragraph, as counsel have stated and termed them, must be proved, or that there must have been evidence tending to prove them, in order to justify the trial court's refusal of the instruction under consideration. Under the rule, as we understand it, the appellee was required to prove, or to introduce evidence tending to prove, the substance of the matters in issue ; that is, that the terms of the policy in suit had been so far modified, by the conduct and agreement of the parties thereto, as that the annual premium should not become payable until the appellant had given the appellee notice thereof, and of the amount of the payment, after deducting the annual dividend, and that such payment might be made at any time within sixty days after such notice, without any forfeiture of the policy. In *Long* v. *Doxey*, 50 Ind. 385, this court said : "It is only necessary for a plaintiff to prove so many of the facts alleged by him as amount to or constitute a cause of action." In the recent case of *Owen* v. *Phillips*, 73 Ind. 284, on p. 293, ELLIOTT, J., speaking for the court, said : "The appellants were not bound to prove every allegation of their complaint ; it was sufficient if they established the substance of the issue."

In the case at bar, the appellee introduced evidence on the trial, which tended, as we think, to establish the substance of the matters in issue in the second paragraph of her complaint. She had alleged therein, as we have seen, among other things, that the appellant had not required payment of the premium on the day it became due by the terms of the policy, but, for ten years before the death of

said Hinesley, had allowed the same to be paid at any time within sixty days after it so became due. It is claimed by the appellant's counsel, in their brief, that this allegation was not supported by any evidence; and they apparently claim that the evidence was insufficient, because it showed that the appellant had allowed the premiums to be paid, after they were due, for seven years prior to the death of Hinesley, instead of ten years as alleged. Counsel concede that the appellee's evidence showed that the premiums were paid, after they were due by the terms of the policy, during seven consecutive years, and that these premiums were thus paid, two in four, one in five, one in eight, one in twenty-five, and one in one hundred and forty-five, days after the same became due. It seems to us that this evidence fairly tended to establish the substance of the issue, although it did not cover the full period of ten years, as alleged; and that, from this evidence, the jury might have reasonably inferred and found that the appellant had agreed to receive and had received the premiums, after they became due by the terms of the policy, as appellee alleged in the second paragraph of her complaint.

It is earnestly insisted, that no evidence was introduced tending to sustain the material averment, that the appellant well knew the premiums had not been paid, until after they were due by the terms of the policy. The evidence showed that the appellant, a foreign insurance company, had a general agent at Indianapolis, who superintended and managed its insurance business in this State. Under the statute of this State in relation to foreign insurance companies, the agents of such companies, residing in this State, are authorized to take risks and transact the business of insurance for such companies, within this State. It appeared from the evidence, that the premiums on the policy in suit were paid to the appellant's agents in this State; and, certainly, these agents well knew that the premiums were thus paid, year

after year, after they were due by the terms of the policy. What these agents well knew, and must have known, in regard to the delay in the payment of the premiums, must be held to be the knowledge of their principal, the appellant. The collection of the premiums was under the management and control of the agents, and the receipts given for the premiums, when paid, were not to be valid until countersigned by the agents, to whom the payments were made. It was held by this court, in *The Pittsburgh, etc., Railway Co. v. Ruby*, 38 Ind. 294, " that notice to an agent of a corporation, relating to any matter of which he has the management and control, is notice to the corporation." It seems to us that this rule of law is especially applicable to the agents of foreign insurance companies, transacting the business of insurance for their companies in this State, and that it must be held that notice to such agents, in relation to any business of insurance transacted by them for their companies, is notice to such companies. *Insurance Co. v. Wilkinson*, 13 Wal. 222 ; *Miller v. The Mutual Benefit Life Ins. Co.*, 31 Iowa, 216 ; *Miller v. Phœnix Ins. Co.*, 27 Iowa, 203.

Our conclusion is, that the court committed no error in its refusal to give the jury the fourth instruction, asked by the appellant.

The appellants' counsel also claim, in argument, that error was committed by the trial court, in refusing to give the eighth instruction, asked by the appellant, which reads as follows :

"*Eighth.* The evidence entirely fails to support the material allegations of the said fourth paragraph of the complaint, and the plaintiff can not recover under that paragraph."

It is necessary to a proper understanding of the points made by counsel, in their discussion of this alleged error, that we should give a summary at least of the facts alleged in the fourth paragraph of the complaint. In said paragraph,

after alleging the execution of the policy in suit substantially as stated in the second paragraph of her complaint, the appellee further said that the consideration for said policy was. the payment by her annually, so long as the said William Hinesley should live, of the sum of $29.52, as follows: For the first four years, she was to pay one-half of said sum in money, the other half by a note payable at the death of said. William Hinesley, unless sooner cancelled by dividend, with. interest at the rate of six per cent. per annum; that after five years the appellant was to apply the annual dividend,. which, the appellant said, would.be equal to or greater than the note given in each previous year, to the payment of the. interest on the outstanding notes at the rate of six per cent.. per annum, and in reduction of the said sum of $29.52, and. the appellee was to pay the balance of said sum in money; that the appellee complied with all said conditions as to payment, until and including the payment due February 6th,. 1874; that thereafter, and before the next annual premium became due, the appellant wrongfully and in violation of the. agreement and contract as to the manner of payment of the: said sum, and as to the rate of interest payable on the out-- standing notes, demanded from appellee that she should pay the interest on the outstanding notes at the rate of seven per· cent., and notified her that the rate of interest which said notes bore, to wit, six per cent., would not be received if' tendered, and further notified her that no other or succeed-- ing premiums would be received on said policy unless the· rate of seven per cent. was paid on said notes; that the appellee was ready and willing to pay the premiums on said policy according to the manner aforesaid, and to pay the lawful rate of interest on said notes, and, after credit of the· dividends due her, on the lawful rate of interest on said notes and then on the premiums, was ready and willing to· pay the balance of said premiums found to be due, as the appellant well knew; that appellee refused to pay said rate·

·of seven per cent. interest on said notes, as she lawfully .might, and thereafter, after her refusal and after the date when the premium for that year was due, the appellant de- ·clared said policy void and of no effect, and cancelled the .same on its books; that said demand for seven per cent. in- terest on said outstanding notes, and said notice that no ·other or succeeding premiums would be received on said policy, unless appellee would pay said rate of seven per ·cent., was wrongful, unlawful and oppressive, and in viola- ·tion of the contract and agreement between her and the ap- ;pellant, as to the payment of said premium, and excused payment or tender of payment of interest on said outstand- ing notes, and excused payment or tender of payment of premiums on said policy then or thereafter, and said policy ·continued to be in full force and effect; and that said Wil- liam Hinesley died on the 24th day of June, 1876, and due notice and proof of his death were given the appellant on March 9th, 1877, and the appellant refused to pay said sum ·of $1,200.00. Wherefore, etc.

It is said by the appellant's counsel, in their brief of this ·cause, that "this paragraph of complaint predicates itself upon the alleged wrongful demand of interest at seven per cent., when six only was payable. There were four notes of :$14.76 each, amounting in all to $59.04." If, as alleged, ·the appellant wrongfully, and in violation of its agreement with the appellee, demanded of her that she should pay the ·interest on the outstanding notes at the rate of seven per cent., when six per cent. only was payable thereon, and noti- fied her that six per cent. interest would not be received, if ·tendered, and that no other or succeeding premiums would ·be received on said policy, unless the rate of seven per cent. ·was paid on said notes, it is very clear, we think, that the ·appellee was thereby and thereafter excused from the per- ·formance of her part of her agreement with the appellant. ·Thus, it was held by this court, in *Turner* v. *Parry*, 27

Ind. 163, that "When a party to an agreement gives notice to the other of his determination not to perform the contract on his part, performance by the party receiving such notice is unnecessary." In *Shaw* v. *The Republic Life Ins. Co.*, 69 N. Y. 286, the Court of Appeals of New York say : " Where one party to a contract declares to the other party to it, that he will not make the performance on the future day fixed by it therefor, and does not, before the time arrives for an act to be done by the other party, withdraw his declaration, the other party is excused from performance on his part, or offer to perform, and may maintain his action for a breach of the contract when the day has passed." *Hayner* v. *The American Popular Life Ins. Co.*, 69 N. Y. 435. In our opinion, the facts stated in the fourth paragraph of complaint were sufficient to constitute a cause of action.

The appellant's counsel claim that there was a fatal variance between the allegations of the fourth paragraph of complaint and the evidence given on the trial, in this : In stating the consideration of the policy, it was said by the appellee, that, for the first four years, she was to pay one-half of the annual premium by a note payable at the death of said William Hinesley ; but the notes in question, when given in evidence, showed upon their face that they were payable, respectively, two in thirty days and two in twelve months, after the date thereof. Three of the notes were payable "with interest payable annually in advance at six per cent.," and the other note was entirely silent on the subject of interest ; and in each of the notes it was stipulated that the "policy and all payments or profits, which may become due thereon, are hereby pledged and hypothecated to said company for the payment of this note." It seems to us that it is manifest from the terms of these notes, that beyond the interest thereon, which was payable annually in advance, it was not contemplated by either of the parties thereto that the notes should ever be paid until the policy

should become a claim against the appellant, upon the death of William Hinesley, unless sooner paid by profits. For this reason, it might well be said, we think, that even if the mere statement of the manner in which the premiums were payable for the first four years, namely, one-half cash and the other half payable by a note at the death of William Hinesley, could be properly regarded as a positive allegation that the outstanding notes were in fact so payable, the variance between this allegation and the notes in evidence could not well be considered as substantial or material, and certainly not as fatal. For such a variance could not possibly affect the substance of the matters in issue, to the appellant's prejudice. Besides, the variance was one which might have been obviated by an amendment on the trial, and this court will regard the amendment as having been made.

It has seemed to us, that while the evidence was not of the most satisfactory character, yet its tendency was to sustain the material allegations of the fourth paragraph of the complaint. We can not say, therefore, that the trial court erred in refusing to give the jury the eighth instruction asked by the appellant. It was long since settled in this court, that the verdict of a jury would not be disturbed upon the weight or preponderance of the evidence.

It is insisted also that the appellant's motion for a judgment in its favor, on the special findings of the jury, notwithstanding their general verdict, was improperly overruled. We are of the opinion, however, that this ruling of the trial court was not erroneous. It is true that the special findings of the jury were incongruous, and that some of the facts specially found were not in harmony with other special findings ; but this inconsistency related to the evidentiary facts, and not to the substantial facts in issue. We have found no such inconsistency between the special findings of the jury and their general verdict as entitled the appellant to a judgment in its favor on the former, notwithstanding the latter ;

and, therefore, we think that the appellant's motion for judgment was correctly overruled.

Our conclusion is, that there is no error in the record of this cause, for which the judgment below ought to be reversed.

The judgment is affirmed, at the appellant's costs.