(67 Misc. Rep. 407.)

### BOCHDAM v. SUPREME LODGE, K. P.

(Supreme Court, Appellate Term.  May 17, 1910.)

1. INSURANCE (§ 753*)—FRATERNAL INSURANCE—FORFEITURE—GROUNDS.

> Where a fraternal order, consisting of subordinate lodges, received a member's dues for a month from the section secretary of a subordinate lodge, who advanced the sum, a tender to the section secretary of the dues for the following month, unaccompanied by the sum advanced by him for the previous month, was a sufficient tender, and the order could not forfeit the membership under by-laws providing for the payment of dues to the section secretary and for a forfeiture of membership on nonpayment of dues.

> [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1905; Dec. Dig. § 753.*]

2. INSURANCE (§ 754*)—FRATERNAL INSURANCE—WRONGFUL FORFEITURE—EFFECT.

> A member of a fraternal insurance order, whose membership is illegally forfeited, need not thereafter tender dues for succeeding months in order to keep his certificate enforceable.

> [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1906; Dec. Dig. § 754.*]

Appeal from City Court of New York, Trial Term.

Action by Hugo Bochdam against the Supreme Lodge, Knights of Pythias.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

A. B. Morrison, for appellant.
Louis J. Gold, for respondent.

GUY, J.  This is an appeal from a judgment rendered by a jury in favor of plaintiff for $2,236.36, and from an order denying a motion for a new trial.  The action is brought to recover on a life insurance policy or certificate issued by the defendant lodge to the hus-

---

band of the beneficiary, the plaintiff's assignor. The assured was a.
member of the defendant lodge from 1883, and by the issuing to him
of the certificate of insurance in September, 1885, he became a mem-
ber of what is known as the "Insurance Department" (previously en-
titled "Endowment Rank") of the lodge. By the certificate the lodge
agrees to pay $2,000 to the wife of the assured—

"upon due notice and proof of death and good standing in the Rank at the
time of death and surrender of the certificate."

The by-laws of the lodge provide that all dues shall be payable to
the section secretary of each subordinate lodge on the 1st of each
month, and that a failure to pay such dues before the 20th of any
month—

"shall cause, from and after such date, a forfeiture of the certificate of mem-
bership and all right, title, and interest such member or his beneficiaries
may have in and to the same, and membership shall thereby cease ipso facto."

Other sections of the by-laws provide that the board of the Supreme
Lodge shall have power to cancel such forfeiture of membership upon
payment of all dues before the end of the calendar month when the
forfeiture occurs, and that no officer of the lodge shall have power
to waive any of the provisions of the by-laws. It is conceded that
the assured paid all dues up to June 1, 1908, and was a member in
good standing of the subordinate lodge. In June, 1908, he failed to
pay to the secretary of the subordinate lodge the $5.70 due June 1,
1908; and the secretary advanced the amount for him, forwarded it
to the Supreme Lodge, and subsequently, on July 21, 1908, when noti-
fying the Supreme Lodge, in writing, of the failure of the assured
to pay his dues for the month of July, stated, "I paid last month for
him."

Plaintiff called two witnesses, who testified that they went to the
house of the section secretary, Mr. Muhl, on July 17, 1908; that one
of them, a son of the assured, tendered to him $5.70 for dues for the
month of July; and that said secretary refused to receive the same,
unless he was also paid at the same time, or reimbursed, the $5.70 ad-
vanced by him as a payment for the assured of the June dues. On
July 21, 1908, the assured was suspended from the defendant lodge
for failure to pay his dues for the months of June and July. One
of plaintiff's witnesses testified that again during the first week in the
following August he went to the section secretary, Mr. Muhl, the
only person authorized to receive dues from members of the subordi-
nate lodge to which the assured belonged, and tendered to him $11.40,
the full amount of the June and July dues, but that Muhl refused to
accept the same, telling him to "wait a little while, and perhaps things
will be all right again," and told him to call and see him later on; that
a week later he had a conversation with Muhl, and he told the wit-
ness, "It is too late now; I cannot accept the money at all," because
William Fritzel was suspended on the 20th day of July. The tender
of the amount of the June and July dues was denied by Muhl, when
called as a witness for defendant, and thus an issue of fact was created
which was properly submitted by the court to the jury. Subsequent
to the suspension of the assured from membership he made applica-

tion for reinstatement as a member, which application was rejected. He made no further tender of dues after the alleged tender of the July dues, and he died in the following December.

The principal questions involved on this appeal are: First. Was the alleged tender of the $5.70 on July 17, 1908, for the July dues, a sufficient tender, unaccompanied by the further amount of $5.70 advanced by the section secretary to the assured, and paid by him for the assured for the dues of June, 1908? Second. In view of such tender, was the suspension of the assured and the forfeiture of his membership a legal forfeiture under the by-laws of the lodge?

As to these two propositions, it seems clear that, the defendant having received the money for the June dues from the section secretary as a payment of the June dues, the tender of the July dues was a sufficient tender. The defendant had no right under the by-laws to refuse to accept the same, and in view of such tender there was no authority under the by-laws for the suspension of the assured and the forfeiture of his membership for nonpayment of dues. The question then arises whether, in view of such illegal suspension and forfeiture of the membership of the assured, any duty rested upon him to make further tender of dues for each succeeding month up to the time of his death. On this point the ruling of the trial judge that no further tender could be required of the assured is supported by abundant authorities. In Hall v. Supreme Lodge, Knights of Honor (D. C.) 24 Fed. 450, the rule applicable to such cases is clearly stated:

"A tender of an assessment, * * * which is refused, is just as effectual * * * as if it had been accepted. The burden to act after tender and refusal is on the creditor, and the debtor is only required to be ready to meet the demand when made."

In Hayner v. American Popular Life Insurance Company, 69 N. Y. 435, the court held "that, where the one entitled to the payment of money virtually declares that no tender will be accepted," the law does not require a tender, as it would be useless and of no avail.

The various exceptions taken to the rulings of the court and the refusal to charge various requests are dependent upon the determination of these propositions, and the rulings on these points were correct.

The judgment should therefore be affirmed, with costs. All concur.