ANNA L. EVANS, Plaintiff, *v.* SWITCHMEN'S UNION OF NORTH AMERICA, Defendant.

Fourth Department, January 2, 1924.

Insurance — mutual benefit insurance — action by beneficiary to recover on policy — defense that insured had not paid dues and was under suspension and that he had participated in unlawful strike — dues were tendered after insured became ill and were refused upon ground that insured was not then working — subsequent tender unnecessary — no evidence that insured participated in unlawful strike — suspension was illegal — error to dismiss complaint at close of case.

In an action to recover on a policy of life insurance issued by a labor union of which the insured was a member, it was error for the court to dismiss the complaint at the close of the entire case on the ground that the insured had forfeited his rights under his certificate because he had failed to apply for reinstatement after he had been suspended for failure to pay dues and for participating in an unlawful strike, since there was no evidence that the insured participated in the so-called unlawful strike, but it appears that he was, in fact, ill at the time of the strike and was not then working, and since it appears, also, that after the insured became ill he tendered his dues but the same were refused by the defendant on the ground that the insured was not then working.

The insured having tendered payment of his dues and the tender having been refused by the defendant, it was not incumbent upon him to make any further offer or tender of dues, and the suspension of the insured by the defendant having been illegal, he was not required to apply for reinstatement in order to be entitled to the benefits accruing to a member in good standing.

HUBBS, P. J., dissents.

MOTION by the plaintiff, Anna L. Evans, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance after the direction of a verdict in favor of the defendant at the close of the case upon a trial before the court and a jury at the Erie Trial Term in December, 1922.

*Irving W. Cole,* for the plaintiff.

*Kenefick, Cooke, Mitchell & Bass* [*Charles Pascal Franchot* of counsel], for the defendant.

CLARK, J.:

Defendant is a domestic corporation with its principal office in the city of Buffalo. It is engaged in the business of insuring its members.

The action was brought on a benefit certificate issued by defendant to Harlow R. Evans, plaintiff's husband, who was a member of defendant corporation, and who held said certificate at the time of his death, November 19, 1921. At the completion of the taking of evidence the complaint was dismissed, and plaintiff's

exceptions ordered heard in the Appellate Division in the first instance.

It is the claim of defendant that the certificate was not in force at the time of such death for the reason that insured had not kept up his payments of dues and that he was under suspension for such non-payment at the time of his death, and because of his alleged participation in an unlawful strike in Buffalo, in violation of the provisions of defendant's constitution and of his benefit certificate.

Plaintiff was the beneficiary named in said certificate to whom payment of the benefit was to be made in case of Mr. Evans' death.

Plaintiff's husband was a railroad switchman, and joined defendant union June 25, 1902. He paid his dues regularly and remained in good standing for nearly nineteen years, and up to and including July, 1920.

In January, 1920, he became ill with a heart difficulty, which ultimately terminated in his death. After this time and up to the time of his death he was at home the greater part of the time, and was unable to work. He was thus at home and unable to work at the time of the so-called outlaw strike of switchmen in Buffalo, which occurred April 7 and 8, 1920.

The evidence does not show that Mr. Evans ever took part in any unlawful strike at any time. In July, 1920, he went to the home of Mr. Kreiger, in Buffalo, to pay his dues for the month of August, and had the money with him prepared to make such payment. All his dues up to that time had been paid.

Mr. Kreiger was treasurer of defendant and members had been in the habit of paying their dues at the treasurer's residence. The treasurer's daughter answered the call of Mr. Evans and some of his associates who had come to pay their dues in July, 1920, and on being informed by Mr. Evans that he desired to pay his dues she refused to accept them on the alleged ground that he was not then working for the railroad.

Mr. Kreiger was treasurer and dues of members were paid to him, but his daughter was authorized to take dues in the absence of her father, and give receipts therefor that he had previously signed. He was absent from home at the time Mr. Evans called to pay his dues, but he testified that even if he had been at home he would not have accepted them because his instructions forbade it.

Mr. Evans was not obliged to report his illness to defendant for he was at all times able to pay his dues, and had never refused or neglected to pay them, and when they were offered to the treasurer, or the person representing him, for August, 1920, and were refused, further offer or tender of dues on the part of assured was not required. (*Hayner* v. *American Popular Life Ins. Co.*, 69 N. Y. 435;

*Bochdam* v. *Supreme Lodge,* 67 Misc. Rep. 407; *Hall* v. *Supreme Lodge Knights of Honor,* 24 Fed. Rep. 450; 38 Cyc. 134; 25 id. 906.)

The ground assigned by the learned trial court for dismissing the complaint was that the assured had not applied for reinstatement in defendant union after his suspension.

The suspension of assured for failure to pay dues that defendant would not accept when seasonably tendered, was illegal, and Mr. Evans was not obliged to apply for reinstatement in an order that had illegally suspended him.

He had never taken part in an unlawful strike, and he offered to pay his dues when he was still in good standing, and before the time for their payment had expired. When they were refused by the treasurer's daughter, who acted for her father, whose instructions from defendant forbade the receipt of the dues, the assured was not obliged to do a vain thing and keep offering to pay after one offer and refusal.

Mr. Evans' suspension being without cause, and, therefore, being illegal, defendant could not properly claim that the assured had forfeited his rights under his certificate because he failed to apply for reinstatement.

Plaintiff's exceptions should be sustained, and a new trial granted, with costs to plaintiff to abide the event.

All concur, except HUBBS, P. J., who dissents.

Plaintiff's exceptions sustained and motion for new trial granted, with costs to plaintiff to abide event.