MARY A. SHAW, Respondent, *v.* THE REPUBLIC LIFE INSURANCE COMPANY, Appellant.

Plaintiff had a policy of insurance upon the life of her husband, issued by the H. L. Ins, Co., the annual premiums upon which were payable September 8th of each year. Defendant, in consideration of the delivery to it of the promissory note of plaintiff's husband, payable forty days from date, executed and delivered to plaintiff a written agreement dated November 26, 1872, by which, after acknowledging receipt of the H. L. Ins. Co. policy, it agreed to issue in exchange for it one of its own of the same amount, "and deliver the same within a reasonable time, and in the meantime keep the insurance." In an action upon the agreement, *held*, that it was not competent to show by parol that there was a condition to the agreement by which the note and policies were to be held until the premium was paid.

Also, *held*, that the note received by defendant, being that of a third person, the presumption was that it was received as payment, and in the absence of proof to the contrary its non-payment when due did not affect the agreement.

Prior to the time when the annual premium for 1873 became due under the original policy, a tender of payment of the note was made to defendant, which it refused to receive, and repudiated the contract, refusing absolutely to carry it out. *Held*, that by a failure to pay or to tender payment of a premium in September, 1873, plaintiff did not forfeit her right to enforce the contract; but *held*, that defendant was entitled to credit for the amount of the premium.

When one of the parties to an executory contract announces to the other that he will not perform, and does not before the time fixed for the performance of a condition precedent by the other withdraw his declaration, such other party is excused from performance, or an offer to perform upon his part, and may, when the day has passed for performance by the one who has so declared his purpose, maintain an action for a breach of the contract.

The rule is the same where, by the contract, conditions precedent are many and of periodical recurrence; the declaration is an excuse for not offering to perform many and successive conditions precedent, as well as one.

(Argued April 2, 1877; decided April 10, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought upon an alleged contract of life insurance.

Plaintiff's evidence tended to show the following facts: On September 8, 1868, the Hahneman Life Insurance Company issued to plaintiff a policy of insurance upon the life of her husband, Richard B. Shaw, by the terms of which the annual premiums were to be paid September 8th of each year. That company sold out to defendant, who assumed its risks. On November 26, 1872, defendant, in consideration of the delivery to it by plaintiff of the promissory note of her husband for $54.70, payable forty days after date, executed and delivered to plaintiff a writing, of the body of which the following is a copy:

"Received November 26th, 1872, of Richard B. Shaw, Policy No. 2705, issued by the Hahneman Life Insurance Company, of Cleveland, Ohio, and now in force, bearing date September 8th, 1868, for the amount of $2000, with an annual premium payable on the eighth day of September in each year, in exchange for which the Republic Life Insurance Company will issue its policy of the same amount and deliver the same within a reasonable time, and in the meantime keep the insurance good."

Defendant on December 1st, 1872, sent a policy to its agent, but the same was never delivered. By said policy the annual premiums were to be paid September 15th of each year. The note was not paid at maturity. The agent of defendant called upon Shaw in May thereafter, and requested payment; he stated he was unable to pay it then. Plaintiff promised to pay it in a few days. At the time specified she called upon the agents and offered to pay, and demanded the policy, but they refused to receive it, and repudiated the contract. Mr. Shaw died September 22d, 1873. Defendant's counsel moved for a non-suit upon the grounds among others that the note was not taken in payment, but as collateral security, and not having been paid, the policy was void ; that the non-payment of the premium which became due in 1873, of itself forfeited the policy. The motion was denied. Defendant's agent testified in substance that in the negotiation for the exchange it was agreed that the note was to be given as security for the payment of the premium, and that the policy would be forwarded to the agent, who would hold the policy and note until maturity.

The court charged among other things in substance that it was not competent to show by parol that there was a condition to the agreement. by which the note and policies were to be held until the premiums were paid. That " the note being the note of Mr. Shaw, the law presumes *prima facie* that it was taken in payment." Defendant's counsel duly excepted.

Said counsel requested the court to charge that there being no evidence of payment, or offer to pay the premium which became due in September, 1873, the plaintiff could not recover. The court refused so to charge, and said counsel duly excepted.

Further facts are stated in the opinion.

*Theodore Bacon*, for the appellant. Plaintiff's husband was her agent, and his words and acts and knowledge are conclusive upon her in this action. (*Baker* v. *Un. Mut. L.*

*Ins. Co.*, 43 N. Y., 287; *Elwell* v. *Chamberlin*, 31 N. Y., 611, 619; 2 Hill, 451; 100 Mass., 100.) As Marble was the agent of defendant for the special purpose of procuring an exchange of the policy, he had no power to revive the Hahneman policy or to receive the note of November 26th in payment of the premium due September 8th, 1872. (*Harrison* v. *City F. Ins. Co.*, 9 Al., 231; *Phœnix Ins. Co.* v. *Lawrence*, 4 Met. [Ky.], 9; *Tate* v. *Citizens' Ins. Co.*, 13 Gray, 79; May on Ins., 140, § 138.) To render a waiver binding, it must be supported by a valuable consideration. (*Trask* v. *Mut. Ins. Co.*, 5 Casey, 451; *Ripley* v. *Ætna Ins. Co.*, 30 N. Y., 136; *Pitkin* v. *Noyes*, 48 N. H., 330; *Kidder* v. *Blake*, 45 id., 530.) The giving of the note, at most, gave Shaw the privilege of reviving the policy within forty days, and not having done so, he is foreclosed of that privilege. (Bliss on L. Ins. [2d ed.], § 195, pp. 311–316; id., §§ 200, 267; May on Ins., 412, 424–432; *Tarlton* v. *Stamforth*, 5 T. R., 695; 1 B. & P., 470, 1 Burnett F. Ins. Cas., 37, [King's Bench, 1794]; *Want* v. *Blunt*, 12 East, 183; 2 Big. L. & A., 201; *Simpson* v. *Ac. D. Ins. Co.*, 2 C. B. [N. S.], 257; 2 Big. L. & A., 497; Bliss on L. Ins., § 195; *Pritchard* v. *Mer. etc., L. Ins. Co.*, 3 C. B. [N. S.], 622; 2 Big. L. & A., 544; Bliss on L. Ins., § 196; *Ally* v. *Feolin*, 7 M. & W., 151; *Phœnix etc., Co.* v. *Sheridan*. 8 H. of L. Cas.  ; 2 Big. L. & A., 583; *Mut. B. L. Ins. Co.* v. *Reese*, 8 Geo., 534; *Roberts* v. *N. E. Mut. etc., Co.*, 1 Disney, 355; 1 Big. L. & A., 634; *Blanchard* v. *At. N. C. F. Co.*, 33 N. H., 6; *Donald* v. *P. & A. L. Ins. Co.*, 4 Rich., 321; 4 Big. L. & F. Ins. L. R., 468; *Howell* v. *Knick. etc., Co.*, 44 N. Y., 276; *Roehner* v. *Knick. etc., Co.*, 63 id., 165; 4 Bailey L. & F. Ins. Co. R., 468.) The court below erred in holding that the presumption of law *prima facie* was that the note of Shaw was received in payment of the premium due. (*Baker* v. *Un. Mut. L. Ins. Co.*, 43 N. Y., 287; *Putnam* v. *Lewis*, 8 J. R., 389; *Cole* v. *Sackett*, 1 Hill, 516; 38 Barb., 385; *E. R. Bk.* v. *Butterworth*, 45 id., 476; 47 id., 29; 53 id., 191; 37 N. Y., 314.) The premium on defendant's

policy was due the 8th day of September in each year. (1 Phil. Ins., § 15; *Audubon* v. *Excel. F. Ins. Co.*, 27 N. Y., 216; *Tifft* v. *Phœnix Mut. L. Ins. Co.*, 6 Lans., 198; *Bap. Ch.* v. *Brooklyn F. Ins. Co.*, 28 N. Y., 153.) Plaintiff's case was at an end by the non-payment of the premium September 15th, 1873. (*Fried* v. *Royal Ins. Co.*, 47 Barb., 127; *Whitaker* v. *F. Un. Ins. Co.*, 29 id., 312; *Phila. L. Ins. Co.* v. *Am. Ins. Co.*, 23 Penn., 65.) The recital in the agreement of November 26th, 1872, that the Hahneman policy was " now in force," was a warranty. (*Callaghan* v. *At. Ins. Co.*, 1 Edw. Ch., 64.)

*E. W. Gardner*, for the respondent. The evidence showed that defendant had conferred authority upon its agents, De Vol and Marble, to bind it by the agreement as to the policy in suit beyond its power to repudiate. (*Carroll* v. *Charter Oak F. Ins. Co.*, 40 Barb., 292; *Vaile* v. *Ger. F. Ins Co.*, 26 Iowa, 9; *N. Berwick Co.* v. *N. E. F. & M. Ins. Co.*, 52 Me., 336; *Post* v. *Ætna F. Ins. Co.*, 43 Barb., 351; *Markey* v. *Mut. Ben. L. Ins. Co.*, 103 Mass., 78; *Un. Mut. L. Ins. Co.* v. *Willson*, 13 Wal., 222; *City of Davenport* v. *Peoria M. & F. Ins. Co.*, 17 Iowa, 276; *Conover* v. *Mut. Ins. Co.*, 3 Den., 254; 1 Comst., 290; *Lightbody* v. *N. Am. Ins. Co.*, 25 Wend., 18; *Jervis* v. *Hoyt*, 2 Hun, 487, 496, note 1; *Boehen* v. *W'msburgh City F. Ins. Co.*, 35 N. Y., 131.) Where it is to be inferred from the facts of the case that a credit is intended, the policy will be binding, though the premium has not been paid. *Sheldon* v. *At. F. & M. Ins. Co.*, 26 N. Y., 460; *Wood* v. *Pough. Ins. Co.*, 32 id., 619; *Carroll* v. *Charter Oak Ins. Co.*, 40 Barb., 292.) The general agent of an insurance company has power to bind the company by making such a waiver as the one in this case. (*Post* v. *Ætna Ins. Co.*, 43 Barb., 351; *Owen* v. *F. J. S. Ins. Co.*, 57 id., 518; *Standard Oil Co.* v. *Tri. Ins. Co.*, 3 Hun, 591; *Sherman* v. *Nia. Ins. Co.*, 46 N. Y., 526; *Bridenbecker* v. *Lowell*, 32 Barb., 9; *Trustees, etc.*, v. *B'klyn F. Ins. Co.*, 19 N. Y. 305, 103 Mass., 78; *Murphy* v. *So. Ins. Co.*, 1

Alb. L. J., 231; Flanders on Ins., 104; *Hotchkiss* v. *Repb. F. Ins. Co.*, 5 Hun, 90; *O'Reilly* v. *Ger. Mut. L. Ins. Co.*, 3 T. & C., 487; *Goit* v. *Nat. Pro. Ins. Co.*, 25 Barb., 189; *Shaft* v. *Phœnix Mut. L. Ins. Co.*, 8 Hun, 632; *Bodine* v. *Exchange F. Ins. Co.*, 51 N. Y., 122; Bliss on L. Ins., 487, § 298; *Miller* v. *B'klyn L. Ins. Co.*, 12 Wal., 288; 20 id., 560.)   The principal cannot affirm one part of the transaction and disavow the rest.   (*Smith* v. *Cadagan*, 2 T. R., 189; *Wilson* v. *Poulter*, 2 Sh., 839; *Havil* v. *Peck*, 7 East, 164; *Small* v. *Atwood*, 6 C. L. & F., 232; *Wilson* v. *Tammon*, 6 M. & Gr., 236; *Smethurst* v. *Taylor*, 12 M. & W., 554; *Doe* v. *Goldwin*, 2 Q. B., 146; *Baker* v. *Un. Mut. L. Ins. Co.*, 43 N. Y., 289; *Ellis* v. *Albany City F. Ins. Co*, 50 id., 406.)   The note was received as payment of the premium due Nov. 26, 1872, and the failure to meet it did not avoid the policy.   *Youngs* v. *Shetton*, 34 N. Y., 258; *Toel* v. *Murray*, 18 id., 167; *Baker* v. *Un. L. Ins. Co.*, 37 How., 126; *Buckbee* v. *U. S. Ins. An. & T. Co.*, 18 Barb., 541; Bliss on L. Ins., 288–295; 101 Mass., 558.)   The actual issuing or delivery of a policy was not necessary.   *Rockwell* v. *Hart. F. Ins. Co.*, 4 Abb., 179; *Rhodes* v. *R. P. Ins. Co.*, 5 Lans., 71; *Pratt* v. *H. R. R. R. Co.*, 21 N. Y., 305; *Fried* v. *Royal Ins. Co.*, 47 Barb., 127; 50 N. Y., 243; 43 Barb., 311.)   Defendant is estopped from claiming now that the evidence did not warrant the verdict.   (*Schoff* v. *Boner*, 1 J. & S., 199; *Frecking* v. *Rolland*, id., 499; *Dutcher* v. *Porter*, 63 Barb., 15; *O'Neill* v. *James*, 43 N. Y., 84.)

FOLGER, J.   Inasmuch as there was testimony tending thereto, the verdict of the jury establishes the facts; that the persons who negotiated with the plaintiff and her husband were authorized so to do by the defendant, in its behalf; that the defendant agreed with the plaintiff to issue to her its policy, as a new insurance upon the life of her husband; and that the note of the husband was taken as an adequate consideration for that agreement.

These results are an answer to the exception to the refusal

to nonsuit the plaintiff, save as to one ground of the motion, which we will notice further on.

The exceptions to the charge were not well taken. The agreement was in writing, and could not be added to by parol. As the husband of the plaintiff was in no way bound to the defendant, as he had no pecuniary interest in the policy, and his estate would have none at his death, we do not see why his note, absolute in its terms, and creating a liability against him which would affect his estate after his death, was not the note of a third person. The rule given to the jury as to it, was correct in law, such being the fact. The other exceptions to the charge, or to the refusals to charge, are not tenable. One of them we will notice more particularly.

The defendant made the point at the trial, both by motion for nonsuit and by exception to refusal of request to charge, that the plaintiff could not recover without showing payment, or tender of payment of a premium in September, 1873.

In the view we take of the case, it is not needful to dispute that the annual premium on the policy would have become due and payable on some day in September, 1873, either the 8th or the 15th. Had the company adhered to its agreement to issue its policy, and the policy had been delivered and accepted, with either of those days named in it as the day for payment of premium, failure by the plaintiff to make payment, or tender of payment, would have forfeited the contract. But the defendant had, before either of those days arived, refused to take payment of the note, which represented the premium of 1872, had thrown it back, and had, in the language of the charge, "repudiated the whole arrangement, and was only willing to negotiate on the basis of a new arrangement on terms stated by" its agent. This was a positive, absolute refusal by the defendant to carry out the contract.

Where one party to a contract declares to the other party to it, that he will not make the performance on the future day fixed by it therefor, and does not, before the time arrives

for an act to be done by the other party, withdraw his declaration, the other party is excused from performance on his part, or offer to perform, and may maintain his action for a breach of the contract when the day has passed. Such is the well-established rule; (*Ford* v. *Tiley*, 6 B. & C., 325; *Franchot* v. *Leach*, 5 Cow., 506; *Traver* v. *Halsted*, 23 Wend., 66.) In England the rule is carried much further, and it is held that the positive, absolute refusal by one party to carry out the contract is in itself an immediate complete breach of it on his part, and dispenses the other party from the useless formality of tendering performance of the condition precedent, and gives immediate right of action; (*Cort* v. *Ambergate R. R. Co.*, 6 Eng. L. & Eq., 230; *Hochster* v. *De La Tour*, 20 id., 157; *Frost* v. *Knight*, 7 Law Rep. [Ex. Chamber], 111; and see also, for the doctrine in this State, *Burtis* v. *Thompson*, 42 N. Y., 246.) But we need not at present go further than the proposition first stated, and sustained by decisions in our own State reports. There is no doubt that the defendant repudiated all obligation to the plaintiff, and so declared to her. It would have been a useless act for her after that to have sought the defendant and made offer to pay the annual premium. Nor need she, though the defendant had refused future performance, act with effect until the death of her husband, the event which was contemplated by the contract as giving immediate right of action. It was then she sustained the injury which was the cause of damage to her, by the non-performance by the defendant of their contract; (see, in this particular, the remarks and illustration per GROVER, J., in 42 N. Y., *supra*.) We do not perceive that it alters the rule we have stated, that this contract is one of life insurance, and that there might occur several or many occasions when by its stipulations the plaintiff might have precedent conditions to fulfill. It is no more incumbent upon a party to such a contract to offer performance of the conditions precedent, because they are many and of periodical recurrence, than upon the promissee who has but one act to perform. The

declaration of the promissor that he will not perform is an excuse for not offering to perform many and successive conditions, as well as one.   For the same reason exists at the occurrence of each period for performance—that it would be useless and unavailing to make tender while the declaration was not withdrawn; (see *Crist* v. *Armour*, 34 Barb., 378.)

We are therefore of the opinion that the exceptions of the defendant bring no error to our notice, and that the judgment must be affirmed; but with a slight modification.   The defendant is held to the contract.   The policy which was prepared by it is averred in the complaint and admitted in the answer.   By it the premium became due annually, on the 15th of September.   There was a premium earned on the 15th of September, 1873, as the defendant is held to its contract.   The amount of that, $54.70, with interest from that date, should be deducted from the verdict.

All concur, ANDREWS, J., concurring in result.

Judgment accordingly.