MARTIN MIESELL, Administrator, etc., Respondent, *v.* THE
GLOBE MUTUAL LIFE INSURANCE COMPANY, Appellant.

Defendant issued a policy of insurance upon the life of M., plaintiff's intes-
tate, the premium to be paid quarterly; the policy became forfeited
by reason of default in a payment falling due February 28, 1874. On
the 29th May, 1874, defendant wrote to M., that if he would send a
certificate, from a physician named, of his good health, and a remit-
tance for premium due May 28th, with that of February, it would rein-
state the policy. M., thereupon, procured a certificate of the physi-
cian, which he sent to defendant, with the premiums, June 6, 1874, in a
letter, stating that the certificate was as to his present state of health.
Defendant returned the money and certificate, with a statement that
they were returned upon the ground that the time during which he was
allowed the privilege of reviving his policy expired May 28th. In an
action upon the policy, *held*, that defendant had the right to waive the
forfeiture, and M. having taken the action prescribed by it to revive the
policy, it was bound, and the policy became again in force; that M. had
a reasonable time in which to accept and comply with defendant's pro-
position; that he took no unreasonable time; and that the reason given
by defendant for refusal to accept was not good.
The certificate was rejected by defendant's medical board; it was not
given in evidence, and the reason for its rejection did not appear. *Held*,
that if it could be inferred that the rejection was because of lack of suffi-
ciency of the certificate, it was not permissible in this case, as defendant
did not take that ground, but put its refusal to accept upon another and
entirely different one; but that the inference from the circumstances was
that the certificate was sufficient; that if it should be assumed that the
certificate was to be satisfactory to defendant, the objection would not
avail, as the return was not put upon that ground; and, if taken, it was
for defendant to show that it had reasonable grounds therefor.
The court found that M. did not make tender of premiums, subsequently
accruing upon the policy, in consequence of defendant's refusal to receive
the premium so tendered; there was no express testimony as to this.
*Held*, that it was a legitimate inference; and that M. was not required
to make further tender.
*Day* v. *C. G. Life Ins. Co.* (7 Cent. Law Jour., 482), distinguished.
Also, *held*, that M. was not bound, at once on the rejection, to bring an
action in equity to have the policy adjudged to be alive.

(Argued January 15, 1879; decided January 28, 1879.)

APPEAL from judgment of the General Term of the
Supreme Court, in the second judicial department, affirming

a judgment in favor of plaintiff, entered upon a decision of the court, on trial without a jury.

This action was brought upon a policy of insurance, issued by defendant, upon the life of Philip A. Miesell, plaintiff's intestate.

The policy was issued August 28, 1873, the premiums were made payable quarterly. By its terms a special grace of thirty days was allowed on the payment of renewal premiums. Receipts for premiums were not valid unless signed by defendant's president, vice-president or secretary.

The following facts appeared and were substantially found by the court.

Before the quarterly payment of February 28, 1873, became due, the assured paid the same to the agent, through whom the insurance was effected, but who did not then have a receipt signed by an officer of the company, as required by the policy, and the assured failed to make a valid payment of such premium within the times fixed by the policy. Subsequently, on or about the twenty-ninth day of May, the defendant, after informing the assured that his policy was canceled on account of non-payment of premium, proposed to him that if he would send them a certificate of his good health from Dr. J. F. Van Vliet, together with a remittance for premiums due, it would send renewals of the policy, and have it reinstated. In consideration of such proposition, the assured did procure an examination of himself by Dr. J. F. Van Vliet, and obtained from him and forwarded to the defendant a certificate of his health, together with the premiums due, as required, by letter dated June 6, 1874, in which it was stated that the certificate was as to the writer's present state of health, which certificate and premiums were received, without objection or dissent by defendant. Subsequently, and about June 15, 1874, the defendant returned to the assured the premiums so paid, upon the alleged ground that the time expired May twenty-eighth, within which, by the terms of the policy, the assured could revive the same.

The assured did not pay the premiums accruing in August and November, 1874, before his decease, in consequence of the refusal of the defendant to receive the premiums paid and tendered by him for February and May, as before specified, and by reason of the claim of defendant that the policy was invalid and canceled.

*Geo. P. Sheldon*, for appellant. The policy was made void by the failure of the insured to pay the premiums as agreed. (Bliss on Life Ins., chap. 5, § 202; *Robert* v. *New Eng. Mut. Life Ins. Co.*, 1 Big., 634; *Howell* v. *Knickerbocker Life Ins. Co.*, 1 id., 578; *Koelges* v. *Guard. Life*, 1 id., 621; *Cort* v. *Ambergate R. R. Co.*, 6 Eng. [L. & E.], 230; *Hochster* v. *De La Tour*, 22 L. J. [Q. B.], 455; *Frost* v. *Knight*, 7 Law R. [Exch.], 111; *Burtis* v. *Thompson*, 42 N. Y., 246; *Equitable Life Assurance Soc.* v. *McLaren*, 6 Ins. L. Jour., 125; *Worthington* v. *Charter Oak Life Ins. Co.*, 4 id., 275; *Hayner* v. *Am. Popular Life*, 69 N. Y., 435; *Leslie* v. *Knickerbocker Life Ins. Co.*, 63 id., 32; *Roehner* v. *Knickerbocker Life Ins. Co.*, 6 id., 166; *Day* v. *Conn. Gen. Life Ins. Co.*, 7 Cent. Law Jour., 482.)

*H. M. Taylor*, for respondent. The failure of the insured to pay the premium when due was waived by defendant. (*Matthews* v. *Shehan*, 69 N. Y., 589.) Defendant having refused the premium tendered June 6, 1874, on the ground that the policy was lapsed, it was not necessary to repeat the tender on subsequent quarter-days. (*Shaw* v. *Repub. Ins. Co.*, 69 N. Y., 286; *Hayner* v. *Am. Pop. Life Ins. Co.*, id., 435; *Crist* v. *Armour*, 34 Barb., 378; *Franchitt* v. *Leach*, 5 Cow., 506; *Traver* v. *Halstead*, 23 Wend., 66; *Burtis* v. *Thompson*, 43 N. Y., 246; *Hartley* v. *James*, 50 id., 38.) This action was properly brought after the decease of the insured upon the policy as a valid contract. (*Shaw* v. *Repb. L. Ins. Co.*, 69 N. Y., 286; *Hayner* v. *Am. Pop. L. Ins. Co.*, id., 435.)

Folger, J.    The 28th day of February, 1874, was one of the quarter-days fixed by the policy for a payment of premiums.    Thirty days grace was given by the policy for each quarter payment.    When thirty days had elapsed from that day, without payment of the premium having been made, the policy became void.    It seems to be conceded that the payment to the agent of the amount of the premium due on that day was not an effectual payment to the defendant, and that the policy ceased to be binding upon it.    It seems also to be conceded that it was in the power of the defendant to waive the forfeiture of the policy by reason of that non-payment.    The defendant did propose to the assured such action, as when taken by him, should work a revivor of the policy. We are of the opinion that the assured did take that action, and that the defendant was bound by it, and that the policy was made alive again.    He did pay to it the sum of the two premiums in arrear.    He did produce to it the certificate of the medical man named by it, as to the state of health of the assured.    The proposition was, that he should produce the certificate of his good health.    The letter of the assured forwarding the certificate, speaks of it, as a certificate to his present state of health.    That state, may have been shown by the certificate, to be good or to be bad.    We have no direct evidence of what was the nature and conclusion of the certificate.

It is claimed that inasmuch as the certificate was referred to the medical board of the company, and was rejected by that board, that such rejection must have been for the reason that it did not declare a good state of the health of the assured.    The testimony does not disclose for what reason the medical board rejected it.    If the inference would ever be permissible, that it was for a lack of sufficiency, there is not room for it on the facts of this case ; for the defendant did not take that ground, but put its refusal to accept the certificate and the payment of the premiums, on the pretext that the time for the assured to reinstate himself had passed. But we have the inference ; from the sending of it by the

assured, in compliance with the condition put upon him by
the defendant ; from the fact that the defendant did not pro-
duce it upon the trial ; and from the fact that no fault is
found by the defendant with the sufficiency of it ; that it was
complete, as a declaration of the good health of the assured.
And we are authorized to assume that the certificate did, in
words, make statement that the health of the assured was
good.    It is needless to consider, whether the proposition to
the assured, included a condition that the certificate should
be satisfactory to the defendant.    The return of it was not
put upon the ground that it was unsatisfactory.    Besides, it
was needful, if that ground was taken, for the defendant to
show that it was taken with reason.    It could not be unsatis-
fied with the certificate, capriciously.    That which the law
will say a contracting party ought in reason to be satisfied
with, that the law will say he is satisfied with : (*Folliard* v.
*Wallace*, 2 J. R., 395; *Brooklyn* v. *Brooklyn City R. R.*,
47 N. Y., 475.)    Nor is the reason, in fact, given by the
defendant, for returning the premium to the assured, a good
one.    Their proposition was made to him by a letter, of date
29th May, 1874.    There is nothing to show that it was not
in the power of the defendant lawfully to make and keep it.
He had a reasonable time in which to accept and comply
with it, apart from the thirty days of grace given by the
policy.    He did comply with it in eight days.    Considering
all the circumstances of the case, he took no unreasonable
time.    The proposition was made on the 29th of May, look-
ing to the future from that day.    It was clearly frivolous, to
reject his compliance with it, on the ground that his time
had expired on the 28th May, a day before the proposition
left the office of the defendant.    It is stated in the letter of
rejection, that a pamphlet is enclosed, showing that the
defendant had no option but to reject.    That pamphlet is
not in evidence ; nor is anything shown from which it appears
that the defendant had not a lawful right to exercise an option.

The point that the assured did not make tender of the
premium on the quarter-days, after the rejection of his com-

pliance, is not tenable. The trial court found that the assured did not make tender of them, in consequence of the refusal of the defendant to receive the premiums paid and tendered by him for February and May. It is insisted that there is no evidence of this. True, there is no express testimony thereto. But surely the inference is far from strained, that after his compliance with the proposition of the defendant for the revivor of the policy, and the rejection of it so inconsistently, he took no farther like action, because of his conviction therefrom that farther action would be futile.

That his action was correct in law needs no further discussion in this court; (*Shaw* v. *Republic Life Ins. Co.*, 69 N. Y., 286; *Hayner* v. *American Popular Life Ins. Co.*, id., 435.)

The case cited by the appellants from the Connecticut Court, (*Day* v. *Conn. Gen. Life Ins. Co.*, 7 Cent. Law Jour., 482) is not in conflict. The point did not there arise. Though it did not, the court did intimate, (as the views of that court appear in that report), that perhaps a third course was open to the plaintiff; to tender the premium, and if refused, wait until the policy by its terms became payable, and then test the forfeiture in a proper action on the policy.

Nor was the assured bound, at once, on the rejection, to bring his equitable suit to obtain a judgment that the policy was alive : (*Shaw* v. *Republic Life Ins. Co.*, *supra*.)

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.