## MALVIN S. ROBINSON, Respondent, *v.* ANDREW H. FRANK, Appellant.

*Court of Appeals, November 29, 1887.*

*Contract. Refusal to perform.*—An absolute and total refusal, never withdrawn, to manufacture and deliver machines under a contract, and a notification to that effect to the other contracting party or his agent, is an ample excuse and justification to the latter for his omission to make further demands or serve further notices, before bringing an action for stipulated damages.

Action brought to recover pay for machines not delivered under a contract to sell and deliver 1,500 drag sawing machines, which contained a provision that in case defendant should fail to manufacture and deliver the machines as pro-

vided for and should remain in default for thirty days after written notice, then the plaintiff, without further notice, might sue for and recover four dollars for every machine not delivered. After delivering 100 machines, defendant absolutely refused to manufacture and deliver any more.

The defense was that the thirty days' notice was not given as prescribed in the contract.

*Marshall, Clinton & Wilson,* for respondents.

*Rogers, Locke & Milburn,* for appellants.

PER CURIAM.—Very likely the defendant is right in his construction of the terms of the contract, and that the notices were required in conformity with his views of its requirements.

We think, however, there was sufficient evidence upon which to base the finding of the trial judge that the defendant ceased and refused to manufacture the machines under the contract, and so notified the plaintiff or his agent. The refusal was absolute and total, and it is not pretended that defendant ever withdrew. It was ample excuse and justification to the plaintiff for his omission to make any further demands or to serve any other notices than the last one, which it is admitted or proved that he did serve. Shaw *v.* Republic Life Ins. Co., 69 N. Y. 286.

There are no merits in the appeal and the judgment should be affirmed, with costs.

All concur.