REBECCA BABBITT, Appellant, v. DAVID S. BROWN and Others, Respondents.

*Trade-mark — size and color of wrappers — similarity of names.*

A trade-mark cannot be acquired in the size and color of the wrappers of a commodity; nor in the words "Trade-mark — Best Soap."

The name "B. T. Butler's" preceding the words "Trade-mark — Best Soap," upon cakes of soap and their wrappers, is not so similar to the name "B. T. Babbitt's," preceding the same words, as to call for the restraint of its use as an infringement of a trade-mark, in the absence of proof that anyone had been deceived thereby, and where the form and size of the cakes of soap differ.

APPEAL by the plaintiff, Rebecca Babbitt, from a judgment of the Supreme Court, dismissing the complaint upon the merits, rendered at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 15th day of March, 1891.

*R. H. McGrath, Jr.*, for the appellant.

*Rowland Cox*, for the respondents.

VAN BRUNT, P. J.:

This action was instituted to enjoin an alleged infringement of what is designated a trade-mark, and for an accounting for profits and damages. The plaintiff is the successor of B. T. Babbitt, who, for many years prior to his death, carried on the business of manufacturing soap in the city of New York, and during that period manufactured an article known as B. T. Babbitt's Best Soap. This soap was prepared for sale in cushion-shaped cakes, upon one side of which was stamped in large script letters "B. T. Babbitt." Immediately below that and in smaller full-faced capital letters was the word "Trade-mark," preceded by a device known as an arrow

pointing to the right, and followed by a like device pointing to the left. On the third line were the words "Best Soap" in large full-faced capital letters. Upon the opposite side of the cake were the words "B. T. Babbitt, New York City." These cakes were wrapped in an orange-colored wrapper, upon which appeared the same words similarly arranged, but in larger letters.

The defendants are manufacturing and selling soap made in cushion-shaped cakes of a somewhat different size and shape from the plaintiff's. These cakes have stamped upon each face the words "B. T. Butler's," occupying one line; on a second line, the word "trade-mark" preceded and followed by a device known as an arrow; and on the third line the words "Best Soap;" and wrapped in an orange-colored paper of about the same size as that of the plaintiff's, but differing in general appearance, and the printing thereon being dissimilar, with the exception of the words "Trade-mark — Best Soap." No proof whatever was offered upon the trial that any person had been deceived into buying the soap of the defendants, supposing it was that of the plaintiff.

Upon these facts, we fail to see how it was possible to sustain an injunction against the defendants.

In the case of *Enoch Morgan's Sons Co.* v. *Troxell* (89 N. Y. 292), it was expressly held that a party cannot acquire a trade-mark simply in the form and color of the package, or the manner in which it is wrapped, and that mere general resemblance forms no ground for interference, as the products of dealers can be distinguished only by the brands, marks or names which may be put upon them, and these can be protected as trade-marks only as far as they are new and comply with the other conditions necessary to constitute a trade-mark. When there is a simulation of a trade-mark, and the intent becomes a subject of inquiry, the form, color and general appearance of the packages may be material, but to sustain an action there must be an imitation of something that can legally be appropriated as a trade-mark.

When we apply these rules to the case at bar, and it being conceded that no trade-mark can be acquired in the words "Trade-mark — Best Soap," no matter what type they may be printed in, there seems to be nothing upon which to found a claim of an infringement of any trade-mark owned by the plaintiff. As already

suggested, the cakes were of different size and different form, the only words in common upon them being the words " Trademark — Best Soap ; " and these are the only words in common upon the wrapper. The only resemblance seems to be in the size and color of the wrappers, and in such size and color, as already suggested, the plaintiff cannot acquire a trade-mark.

As was said in *Richardson & Boynton Co.* v. *Richardson & Morgan Co.* (27 N. Y. St. Repr. 808), " In cases of this description each contains features peculiar to itself, and the right to relief depends rather on questions of fact than on questions of law. The rule which governs adjudications in respect to questions such as that presented by the case at bar is reasonably plain, and it is distinctly held that such a similarity of names as is likely to produce confusion in the minds of ordinary unsuspecting persons, will be restrained. Therefore, the question involved in this case is, was there such a similarity of names ? We might indulge in speculation in reference to the likelihood of confusion arising from similarity of these names in the conduct of business, and that such similarity was calculated to deceive and impose upon the public and upon the purchasers of goods of the character in which the parties to this action were accustomed to deal. But the most satisfactory evidence in reference to the results likely to follow from alleged similarity is evidence of actual cases in which such deception and imposition has occurred."

Applying these suggestions to the case at bar, it appears that there is no proof that anybody has been deceived, and we cannot see that there is any likelihood of ' anybody being deceived. Any acquaintance with the particular characteristics of the wrappers and form of the cakes of the plaintiff's merchandise would at once detect the difference, if an attempt was made to impose upon purchasers the defendants' merchandise.

We think the judgment should be affirmed, with costs.

O'Brien and Follett, JJ., concurred.

Judgment affirmed, with costs.