KATE H. THOMPSON, Respondent, *v.* POSTAL LIFE INSURANCE COMPANY and THE PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY OF NEW YORK, Appellants.

First Department, June 8, 1917.

Insurance — life insurance — Insurance Law, section 92, construed — sufficiency of notice of forfeiture — reference to right to paid-up policy — limitation of action to enforce agreement for reinstatement of policy after forfeiture.

It was not intended by section 92 of the Insurance Law to require a specification in a notice of forfeiture of a privilege that did not exist in the insurance policy, and, hence, an omission of a reference in the notice to a right to a paid-up policy is immaterial where there was no such right under the policy in question.

The effect of the provision of said section that " No action shall be maintained to recover under a forfeited policy unless the same is instituted

within two years from the day upon which default was made in paying the premium, instalment, interest or portion thereof, for which it is claimed that forfeiture ensued," is that where the policy has in fact been forfeited and it is claimed that the insured has become entitled to have it reinstated by reason of a subsequent agreement or otherwise, the agreement to reinstate it must be made effective by a decree of the court reinstating the policy, or else the action to enforce it on the theory that by the agreement it became reinstated, notwithstanding the forfeiture, must be commenced within the time specified in the statute.

It was competent for the Legislature to prescribe a statutory limitation with respect to the bringing of actions on policies thereafter forfeited.

APPEAL by the defendants, Postal Life Insurance Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of December, 1916, upon the decision of the court after a trial before the court, a jury having been waived.

*William J. Bolger,* for the appellants.

*John Ewen,* for the respondent.

LAUGHLIN, J.:

On the 4th day of June, 1896, the Provident Savings Life Assurance Society of New York, one of the defendants, issued a $5,000 policy on the life of the plaintiff's husband in which she was designated the beneficiary. The other defendant reinsured the risk on the 19th day of January, 1911. The insured died on the 3d day of November, 1914. By the terms of the policy a premium became due on the 4th day of June, 1912, which was not paid, and no subsequent premium was paid on the policy.

The plaintiff alleged in the first count of the complaint that payment of the premium was duly tendered and refused, and that the tender of further premiums was duly waived; and that the provisions of the policy with respect to the time of payment of premiums was modified by mutual agreement, and that it was agreed that failure to pay premiums when due should not terminate the policy. In the second count the plaintiff alleged that payment of the premium due June 4, 1912, was duly tendered and refused and that the tender of payment of further premiums was duly waived; and further alleged that in the month of July, 1912, the defendants made

the claim that the policy had lapsed and become void for the non-payment of the premium due June fourth of that year, and refused to accept payment of said premium, and returned the same; and that thereafter and on the 11th of July, 1912, the Postal Life Insurance Company, defendant, " offered and agreed to reinstate the said policy and to waive any forfeiture on condition that " the insured " should send to it a check for the premium due June 4th, 1912, and should make application for such restoration, and should take an examination before Dr. D. E. Smith, * * * and as the result of such examination, furnish satisfactory evidence of his insurability;" and that the insured sent a check for the premium, and made application for restoration and submitted to examination by said doctor " and as the result of such examination did furnish evidence of his insurability," and that upon such examination it appeared that he " was in good physical health and in insurable condition," but that the defendant thereafter in violation of its agreement refused to accept further premiums and disclaimed any liability on the policy.

Both defendants admitted in their separate answers that they claimed that the policy had lapsed and become void for the non-payment of said premium, and that they refused to accept any proffered payment after the forfeiture and lapse of the policy; but they admitted that they offered and agreed to reinstate the policy and to waive the forfeiture, provided the insured should make application for restoration of the policy and take an examination before a medical examiner to be appointed by them, " and provided further that" the insured "should furnish satisfactory evidence of his insurability," and alleged that he did not furnish such evidence as to his insurability and that they refused to reinstate the policy for that reason. Both defendants pleaded that on the 8th day of May, 1912, which was more than fifteen and less than forty-five days prior to the day when the premium became due, the statutory notice was duly given to the insured; and that the action was not commenced within two years after the default in paying the premium and after the policy had been declared lapsed and forfeited.

It is stated in the opinion of the learned trial court that

the action was sustained solely on the ground that the statutory notice with respect to this premium upon which the forfeiture was predicated was invalid in that it did not comply with the requirements of the statute. By the decision, however, it was further found that certain premiums which fell due prior to June 4, 1912, were accepted after they became due, but that the defendants at no time represented that they would grant extensions of time for the payment of future premiums, and that no agreement for such extension was entered into between the parties. The court decided that the notice was invalid and also that the insured complied with the conditions upon which the companies promised to reinstate him after the alleged forfeiture.

The invalidity of the notice is predicated on the fact that instead of stating, as required by section 92 of the Insurance Law (Consol. Laws, chap. 28; Laws of 1909, chap. 33), that on failure to pay the premium on the due date specified the policy and all payments would become forfeited and void " except as to the right to a surrender value or paid-up policy as in this chapter provided," it stated " except as to the right to a surrender value as provided in the said policy or by statute." The invalidity is claimed owing to the omission of a reference in the notice to a right to a paid-up policy. Under the policy in question there was no right to a paid-up policy in case of failure to pay a premium. It was not intended by the statute to require a specification in the notice of a privilege that did not exist, and that part of the statute is only applicable to policies under which the right to a paid-up policy exists; but it has been recently declared by the Court of Appeals in *McCormack* v. *Security Mutual Life Insurance Company* (220 N. Y. 447, revg. 161 App. Div. 33) that an omission to mention in such a notice the *privileges* that remain exempt from forfeiture does not invalidate the notice. Therefore the judgment cannot be sustained on the theory on which it was rendered according to the opinion.

In the view I take of the case it is unnecessary to consider the question whether the insured complied with the conditions upon which the defendants agreed to reinstate the policy, for I think the Statute of Limitations of two years, prescribed

in section 92 of the Insurance Law, is a bar to the action. That section prohibits the forfeiture of a policy for non-payment of a premium without the giving of notice as therein prescribed. It then provides as follows: "No action shall be maintained to recover under a forfeited policy, unless the same is instituted within two years from the day upon which default was made in paying the premium, instalment, interest or portion thereof for which it is claimed that forfeiture ensued." It appearing that the statutory notice was duly given and that the premium was not paid there can be no question but that this policy was forfeited. Although the statute was enacted after the policy was issued the forfeiture occurred after the enactment of the statute. There can be no doubt, I think, that it was competent for the Legislature to prescribe a statutory limitation with respect to the bringing of actions on policies thereafter forfeited. Of course if the companies had not been justified in declaring the policy forfeited the statute would not apply, because in that case the action would be upon a policy which had not been forfeited. The learned counsel for the respondent contends on the authority of *Adam* v. *Manhattan Life Ins. Co.* (204 N. Y. 357) that this Statute of Limitations only applies to policies issued after its enactment; but the only point there decided was that it was not intended to operate upon valid existing policies which had not in fact become forfeited, and in that case the policy under consideration had not been forfeited. It seems to me that the effect of the statute is that where the policy has in fact been forfeited and it is claimed that the insured has become entitled to have it reinstated by reason of a subsequent agreement or otherwise the agreement to reinstate it must be made effective by a decree of the court reinstating the policy or else the action to enforce it on the theory that by the agreement it became reinstated notwithstanding the forfeiture must be commenced within the time specified in the statute. It is, I think, quite clear that such is the purpose of the Legislature, for before the enactment of the statute an action could have been maintained on the policy after the death of the insured, without resorting to equity, on the theory that the company would be estopped by its agreement from claiming the forfeiture.

(*Miesell* v. *Globe Mut. Life Ins. Co.,* 76 N. Y. 115.)  In the case at bar the insured admitted the forfeiture by applying to have his policy reinstated, and while it is claimed that he complied with the conditions upon which the companies agreed to reinstate the policy he refrained from taking any action to have it reinstated by a judicial decree as he might have done. (*Meyer* v. *Knickerbocker Life Ins. Co.,* 73 N. Y. 516.)  If the statute does not apply in such case then it is conceivable that forty or fifty years after the forfeiture of a policy for the non-payment of a premium and where no premiums have been thereafter paid a recovery may be had on the policy on the theory of some agreement with respect to a reinstatement thereof. If it was competent, as I think it was, for the Legislature to place a limitation on such actions with respect to the future forfeiture of policies then in force, it is perfectly plain that by this statute it intended so to do.

It follows that the judgment should be reversed, with costs, and the findings and conclusions of law inconsistent with these views reversed, and findings and conclusions in accordance with these views made, dismissing the complaint, with costs.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs. Order to be settled on notice.