except upon the condition named. With the unauthorized cancellation of the policy, and a refusal to accept the premium except upon a condition which was unauthorized, the authorities are uniform to the effect that the defendant is estopped from claiming as a defense to this action that the premium has not been paid. In May, Ins. § 358, it is said:

"Payment or tender of payment of premiums is not necessary where the insurers have already declared the policy forfeited, or done any other act which is tantamount to the declaration on their part that they will not receive it if tendered."

In Baumann v. Pinckney, 118 N. Y. 616, 23 N. E. 919, Judge Vann, in writing for the court, says:

"Moreover, after the defendant has ruptured all relations with the plaintiff by repudiating her contract, and declaring that all his rights thereunder had been forfeited, was he bound to make any tender before commencing an action for specific performance? We do not think that it was necessary for him to go through the form of making an offer of the money when she had virtually declared that she would not receive it."

In Leslie v. Insurance Co., 63 N. Y. 33, in the opinion of Judge Folger, it is said:

"Even if there be no primary hostile purpose in the action of one who may, in a certain event, become entitled to the forfeiture or other right arising from the nonperformance of a condition, if by his act he has induced another to omit strict performance, he may not take the benefit or exact the forfeiture."

In Whitehead v. Insurance Co., 102 N. Y. 156, 6 N. E. 272, Judge Finch says:

"The company cannot depend upon a default to which its own unlawful act contributed, and but for which a lapse might not have occurred."

In Shaw v. Insurance Co., 69 N. Y. 292, the opinion reads:

"Where one party to a contract declares to the other party to it that he will not make the performance on the future day fixed by it therefor, and does not, before the time arrives for an act to be done by the other party, withdraw his declaration, the other party is excused from performance on his part, or offer to perform, and may maintain his action for a breach of the contract when the day has passed. Such is the well-established rule."

These authorities furnish abundant support for the judgment in this action.

Judgment affirmed, with costs. All concur; CHASE, J., in result.

---

(59 App. Div. 294.)

### DENNISON v. MASONS' FRATERNAL ACC. ASS'N OF AMERICA.

(Supreme Court, Appellate Division, Third Department. March 8, 1901.)

1. ACCIDENT INSURANCE—TIME TO COMMENCE ACTION.

Though an accident policy provided that no suit shall be brought unless within a year from the accident, yet an indemnity of $25 a week for 52 weeks, if the disability lasts that long, being provided, and proceedings to enforce payment thereunder being forbidden till expiration of 3 months after proofs of loss are furnished, the limitation of a year applies only where the disability is for a time short enough to allow it; and, it having lasted 47 weeks, action brought within 20 days after expiration of the 3 months thereafter is in time.

**2. SAME—PERSONS UNEMPLOYED.**

Provisions in an accident policy that the weekly indemnity shall not exceed the weekly salary of the insured does not apply where one is insured as a "retired farmer," though it is stated in the application that the weekly indemnity does not exceed his salary; this clearly being an inadvertence, and not misleading, and the policy also providing that it does not cover accidents to persons who have ceased to follow any regular occupation, except such persons as are insured as preferred.

**8. SAME—TENDER OF PREMIUM.**

Where insured agrees to deposit money for premiums in a bank subject to the order of the insurer, and the agent of insurer agrees to get it from the bank when the premiums are due, insured's performance of his part of the agreement is equivalent to a tender.

**4. SAME—KEEPING TENDER GOOD.**

Where timely tender of premiums on an accident policy is rejected, and a wrongful declaration of forfeiture of the policy made, insured need not thereafter keep the tender good to entitle him to sue on the policy.

**5. SAME—DECLARATION OF FORFEITURE—ACQUIESCENCE.**

Insured having a right of action on his accident policy notwithstanding a wrongful declaration of forfeiture therein, does not lose his right of action by an intended acquiescence in the claim of the forfeiture, there being no consideration therefor.

Parker, P. J., and Chase, J., dissenting.

Appeal from trial term, St. Lawrence county.

Action by Jason H. Dennison against the Masons' Fraternal Accident Association of America. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

The action was brought to recover the sum of $1,175 for 47 weeks' total disability sustained by the plaintiff by reason of an accident occurring upon the 25th of October, 1897, against which the plaintiff claims to have been insured by the certificate in suit.

Upon October 1, 1894, the defendant issued to the plaintiff its certificate No. 47,464, series E, form F, preferred class, whereby, among other things, the defendant insured the plaintiff against personal bodily injury effected through external, violent, and accidental means in the sum of $25 a week against loss of time, not exceeding 52 weeks, resulting from bodily injuries which should, independent of all other causes, immediately, wholly, and continuously disable him from transacting any and every kind of business pertaining to his occupation. The plaintiff was insured as a retired farmer. In February, 1897, the plaintiff left Augusta for California, and before leaving he entered into an agreement with W. H. H. Coolidge, the agent of the defendant at Augusta at that time, whereby the plaintiff should deposit in the Augusta bank the sum of $35 for the purpose of paying the quarterly dues of the plaintiff upon his certificate during the plaintiff's absence from Augusta. The said agent, on the other hand, agreed that he would collect the same at said bank. The agreement was made in the presence of the cashier of the bank, who assented thereto. The said agent made the collection of the quarterly dues of $4 upon April 1st and July 1st pursuant to the agreement. In August the said Coolidge ceased to be the agent of the company, and was succeeded by one McComber, to whom Coolidge told of the agreement, and he assented thereto, in the presence of the cashier of the bank, who also assented thereto. It was the custom of Coolidge, and afterwards of McComber, to remit their quarterly collections by buying drafts at the bank where the plaintiff had deposited said moneys. About October 1st McComber called at the bank, and bought a draft for remittance to defendant. At that time his attention was called by the cashier of the bank to the fact that he had not included the plaintiff's dues. McComber then stated that he had forgotten them, but would include them later with others. On October 25, 1897, the plaintiff met with the accident which he claims has disabled him for 47 consecutive weeks. Upon November 1, 1897, notice of the accident was given to defendant by the plaintiff's sister.

On November 8, 1897, the defendant wrote to the plaintiff's sister acknowledging the receipt of her notice of the accident on November 1st, but asserting that plaintiff had not paid his October assessment, and was not in good standing at the time of the accident, and not entitled to indemnity. Thereafter, and about December 8th, the plaintiff returned to Augusta, and withdrew from the bank all the moneys which he had on deposit. On September 19. 1898, the plaintiff made proof of his claim against the defendant, and mailed the same to defendant. Arbitration was duly demanded under the policy, and was refused, and thereafter, on January 7, 1899, this action was brought. Further facts appear in the opinion.    °

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Watson B. Berry (L. E. Ginn and V. P. Abbott, of counsel), for appellant.

Bowers & Russell, for respondent.

SMITH, J. Three objections are urged by the defendant to the plaintiff's recovery: First, that the action was not begun in time; second, that the plaintiff was not entitled to recover, because he was not in receipt of any weekly salary; third, that the certificate was not in life at the date of the accident.

The first objection is based upon a clause in the certificate providing that no suit shall be brought unless brought within one year from the date of the alleged accident. The accident occurred upon October 25, 1897. The action was brought upon January 7, 1899. This objection, therefore, must prevail unless there be in the certificate some provision modifying or controlling the clause stated. The provision for indemnity provides for $25 a week for 52 weeks. Another clause in the certificate provides that legal proceedings to enforce payment thereunder shall not be brought until the expiration of three months after receipt by the association of acceptable and satisfactory proofs of loss. Proofs of loss clearly cannot be furnished until the disability has ceased, and until 52 weeks have passed, if it shall continue for that time. If the disability continue, then, for 52 weeks, and the proofs are then submitted, the action cannot be brought within 15 months from the happening of the accident. As this contingency is contemplated by the contract of insurance, the year limitation within which the action can be commenced must refer only to those cases in which the disability has ceased within sufficient time so that the proofs of loss may be furnished, and a reasonable time remain after the three months have passed before the expiration of the year. If, however, the disability shall continue so long that the proofs of loss cannot be furnished, and the three months expire before the expiration of the year, the law will still give to the plaintiff a reasonable time after the expiration of the three months from the furnishing of the proofs of loss within which to commence the action. The three months in the case at bar expired upon the 19th day of December, and upon the 5th of January the summons was issued, and upon the 7th served. We think, under the circumstances of this case, that the delay in the commencement of the action was not unreasonable, and that the plaintiff complied with the fair intendment of the contract.

The defendant's second objection is based upon the clause in the cer-

tificate which provides that "in no case shall the weekly indemnity exceed the weekly salary of the insured." There is another provision in the policy, however, which reads: "This certificate does not cover accidents or injuries to persons who have ceased to follow any regular occupation, except such persons as are insured as preferred." This plaintiff was insured in the preferred class as a retired farmer. That was stated to be his only occupation. It is true that he afterwards stated in his application that the weekly indemnity named did not exceed his salary. That was clearly an inadvertence, however, and in no way misled the defendant. The nature of the contract contemplates the insurance of those who do not receive a weekly salary. That provision in the contract which limits the recovery to the amount of the weekly salary must, then, be deemed to refer only to those persons insured who are receiving a weekly salary, and does not limit the right of recovery of one who is insured, without occupation, in the preferred class.

The third objection urged by the defendant is the one upon which the learned trial justice seems to have based his order dismissing the plaintiff's complaint. The agent Coolidge had no office for the transaction of his business. The premiums had been theretofore paid to him as he was found upon the streets. We have no doubt of his power to agree with the plaintiff that the moneys for the payment of the premiums should be deposited at the bank for him, and that he would get them at the bank. Upon the 1st of October, when the premium became due, the moneys were in fact upon deposit, subject to the order of the company, in strict accordance with the agreement. The plaintiff's performance, then, of his part of the agreement, was the full equivalent of a legal tender of those moneys. It was, in fact, a legal tender by reason of the agreement that the moneys should be paid in that manner. This tender was not at that time rejected by the agent McComber. It was not rejected until the letter of November 8th, declaring forfeited the certificate. Upon the 25th day of October, then, when this accident occurred, this certificate was in full force, the plaintiff having performed all of his covenants thereunder. A cause of action then arose in the plaintiff's favor for the weekly indemnity, and is still his, unless forfeited or released by some subsequent act.

The defendant claims such forfeiture in the withdrawal by plaintiff of his deposit in the bank upon December 8th. It is first urged that, if a tender, it should have been kept good. In the case of Te Bow v. Insurance Co. (decided by this department at this term) 69 N. Y. Supp. 289, we have held that, where a company wrongfully declared a policy forfeited, an action might be brought thereon without even a tender of the premium. This holding seemed to us to rest upon abundant authority cited in the opinion therein. The letter of November 8th to the plaintiff's sister constituted a wrongful declaration of forfeiture on defendant's behalf. If, after a wrongful declaration of forfeiture, a party is not bound to make a tender in order to maintain an action upon the policy, by parity of reasoning a tender lawfully made in due season, after rejection, need not be kept good, but the premium admitted to be due may be deducted in the judgment from

the amount of the policy. Shaw v. Insurance Co., 69 N. Y. 286, 294; Whitehead v. Insurance Co., 102 N. Y. 143, 157, 6 N. E. 267.

It is further urged in defendant's behalf that after notice of the claimed forfeiture by the company, the withdrawal of plaintiff's deposit from the bank on December 8th, and his long silence thereafter, constituted an acquiescence in the claimed forfeiture, which bars the plaintiff's right of action. If, however, we are right in our conclusion that plaintiff was not in default upon the 25th of October, when the accident happened, he had a cause of action which could only be released upon consideration. An intended acquiescence, even, on the part of the plaintiff in the defendant's claim of forfeiture would be ineffectual as without consideration. The law required from him no protest to secure his right of action then vested. With the right, then, to withdraw his deposit from the bank as a rejected tender, we are unable to find any act of the plaintiff which has in any way released or forfeited his right of action. The complaint was, we think, improperly dismissed.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur, except PARKER, P. J., and CHASE, J., dissenting.