(59 App. Div. 310.)

TE BOW v. WASHINGTON LIFE INS. CO.

(Supreme Court, Appellate Division, Third Department. March 6, 1901.)

LIFE INSURANCE—FAILURE TO PAY PREMIUMS—ESTOPPEL.
Defendant in an action on a life insurance policy is estopped to assert nonpayment or want of tender of final premium, its general agent having, during the time in which insured was entitled to pay it, declared that the policy had lapsed, and could be reinstated by furnishing a satisfactory medical certificate, this importing a denial of right to reinstate it except on such condition.

Appeal from trial term, Ulster county.

Action by Carrie A. Te Bow against the Washington Life Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Upon the 24th of April, 1897, the defendant delivered to Peter E. Te Bow a policy of life insurance, No. 98,902. The policy was payable to Carrie A. Te Bow, this plaintiff, the wife of the insured. The policy provided for quarterly payments in advance of $72.60 on the 24th days of January, April, July, and October in each year thereafter for 20 years. In the policy is a provision granting 30 days' grace for the payment of the quarterly premium after the policy had been in force for more than three months. Upon October 22d, one Gaul, the agent of the defendant, called upon Te Bow, and requested payment of the premium falling due October 24th. Te Bow then stated that he could not pay it. Upon October 28th Gaul informed Mr. Patterson, the general agent of the defendant, that Mr. Te Bow's condition was such that he probably would not get well, at which time Mr. Patterson demanded back the premium receipt, which had not been delivered to Te Bow by reason of his failure to pay the premium, and wrote this letter to Mr. Gaul:

"New York City, October 29th, 1897.

"Mr. John A. Gaul, Kingston, N. Y.—My Dear Sir: Please return at once the receipt for premium due October 24th on policy 98,902, Te Bow. Premium not having been paid. policy has been forfeited.

"Very truly yours,                                    William Patterson."

69 N.Y.S.—19

Thereafter, upon November 8th, in response to a letter from Gaul, Patterson wrote to Gaul the following letter upon the company's paper:

"New York City, November 8th, 1897.

"Mr. John A. Gaul, Kingston, N. Y.—My Dear Sir: Your favor of the 6th is received. Policy No. 98,902, Te Bow, lapsed for nonpayment of premium for October. Can be reinstated according to company's rule by furnishing satisfactory medical certificate of good health and payment of interest. * * *

"Very truly yours,      William Patterson, Manager."

This letter was forthwith shown to Te Bow, with a statement by Gaul that it would be necessary to get a physician's certificate of good health as a condition to the company's receiving the premium due October 24th. This Te Bow stated that he would be unable to do, and asked Gaul if he could not receive a check dated back to a time prior to the 24th. This Gaul refused to take. Thereafter, and upon the 17th of December, 1897, Te Bow died, and this action was brought to recover upon the said policy of insurance.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Linsen & Van Buren, for appellant.

Warren C. Van Slyke and Charles W. Walton (A. T. Clearwater, of counsel), for respondent.

SMITH, J. Upon the 24th of October, 1897, this policy had been in force more than three months. Te Bow was then entitled to his 30 days' grace in which to pay the premium. The defendant was unauthorized to declare the policy forfeited at any time prior to the 23d day of November, 1897. Up to that time, within the terms of the contract, Te Bow had an undoubted right to pay the premium and maintain the policy in force. The premium was not, however, paid prior to that time, or prior to the death of Te Bow, nor was it tendered. The sole question in the case seems to be whether the defendant is precluded from asserting the nonpayment of said premium as a defense to this action by any act of his own which has contributed to such nonpayment.

That Patterson was the general agent of the defendant is not disputed. His acts in declaring the policy forfeited by his letters of October 29th and November 8th were concededly in violation of the defendant's contract. These letters, or at least the letter of November 8th, was shown to Te Bow while there was still abundant time within the contract for Te Bow to have paid the premium. In connection therewith Te Bow was informed by Gaul that, to be allowed to pay the premium, he must furnish a health certificate. The appellant here contends that the declarations of Gaul were incompetent evidence against the company, as he was not authorized as an agent in any way to vary the terms of payment. It seems clear that the declarations of the agent authorized to receive premiums, that such premiums would be received only upon a condition, are the declarations of the company. But those declarations we deem inconsequential in this case. They were simply an amplification of the declarations of Patterson, the acknowledged agent of the company, in his letter. It is urged that there never was at any time a refusal to accept the premium. This argument is hypercritical. A declaration that a policy had lapsed, and can be reinstated by furnishing a satisfactory medical certificate, imports of necessity a denial of the right to reinstatement

except upon the condition named. With the unauthorized cancellation of the policy, and a refusal to accept the premium except upon a condition which was unauthorized, the authorities are uniform to the effect that the defendant is estopped from claiming as a defense to this action that the premium has not been paid. In May, Ins. § 358, it is said:

"Payment or tender of payment of premiums is not necessary where the insurers have already declared the policy forfeited, or done any other act which is tantamount to the declaration on their part that they will not receive it if tendered."

In Baumann v. Pinckney, 118 N. Y. 616, 23 N. E. 919, Judge Vann, in writing for the court, says:

"Moreover, after the defendant has ruptured all relations with the plaintiff by repudiating her contract, and declaring that all his rights thereunder had been forfeited, was he bound to make any tender before commencing an action for specific performance? We do not think that it was necessary for him to go through the form of making an offer of the money when she had virtually declared that she would not receive it."

In Leslie v. Insurance Co., 63 N. Y. 33, in the opinion of Judge Folger, it is said:

"Even if there be no primary hostile purpose in the action of one who may, in a certain event, become entitled to the forfeiture or other right arising from the nonperformance of a condition, if by his act he has induced another to omit strict performance, he may not take the benefit or exact the forfeiture."

In Whitehead v. Insurance Co., 102 N. Y. 156, 6 N. E. 272, Judge Finch says:

"The company cannot depend upon a default to which its own unlawful act contributed, and but for which a lapse might not have occurred."

In Shaw v. Insurance Co., 69 N. Y. 292, the opinion reads:

"Where one party to a contract declares to the other party to it that he will not make the performance on the future day fixed by it therefor, and does not, before the time arrives for an act to be done by the other party, withdraw his declaration, the other party is excused from performance on his part, or offer to perform, and may maintain his action for a breach of the contract when the day has passed. Such is the well-established rule."

These authorities furnish abundant support for the judgment in this action.

Judgment affirmed, with costs. All concur; CHASE, J., in result.