(99 App. Div. 23)

## DONEY v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Third Department.  November 16, 1904.)

1. INSURANCE—INDUSTRIAL POLICIES—PREMIUMS—PAYMENT—TIME.

Certain industrial insurance policies provided for payment of weekly premiums on each Monday, or before such premiums should be four weeks in arrears. Payments had been properly made up to October 1, 1900, and on November 5th insured's husband tendered an amount sufficient to pay the premiums due up to that time, which was refused on the ground that the policies had lapsed for nonpayment of premiums. *Held*, that since after the payment on October 1st no premium was due until October 8th, and that premium could be paid at any time on that day, such premium had not been four weeks in arrears until the close of the day on which payment was tendered.

2. SAME—PAYMENT OF FURTHER PREMIUMS—WAIVER.

Where insurer erroneously claimed a forfeiture of certain policies by reason of nonpayment of premiums, insured was absolved from liability to tender further premiums, which, in an action on the policy, should be deducted from the amount found due thereon.

Appeal from Trial Term, Saratoga County.

Action by Hamilton Doney, as administrator of the estate of Jennie E. Doney, deceased, against the Prudential Insurance Company of America. From a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial, he appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Edgar T. Brackett (Hiram C. Todd, of counsel), for appellant.
John Foley, for respondent.

SMITH, J. The action is brought to recover upon two policies of life insurance issued by the defendant upon the life of Jennie E. Doney, the plaintiff's intestate. At the trial the complaint was dismissed upon

¶ 2. See Insurance, vol. 28, Cent. Dig. § 930.

the ground that the policies had lapsed by reason of nonpayment of premiums within the time stipulated by the policies. In the first policy it is provided "that the weekly premium stated in said schedule shall be paid to an authorized agent of the company on or before every Monday during the continuance of this contract * * * if for any reason the premium is not collected by the agent when due, it shall be the duty of the policy holder before said premium shall be in arrears four weeks to bring or send said premium to the home office or the company's agent." In the second policy is found the same provision. It is conceded that upon the 15th day of October the premiums due upon both policies upon Monday, the 1st day of October, 1900, were paid. Upon the 5th day of November the husband of Jennie E. Doney offered to the company the sum of $3.75, which was sufficient to pay the premiums due up to that time upon these policies, together with other policies which he held upon lives of other members of his family. It was then insisted that these policies had lapsed for nonpayment of the premiums. This claim was sustained by the trial court, who dismissed the plaintiff's complaint.

The trial court was in error in holding that the policies had lapsed upon the 5th day of November. The premiums due upon the 1st day of October were fully paid. No premium was then due until the 8th day of October. That premium could be paid at any time upon that day. Permission to pay that premium at any time before the same was four weeks in arrears is clearly given by the contract. The moneys due upon the 8th day of October had not been four weeks in arrears until the close of the 5th day of November, and the plaintiff, the husband of the deceased, had the right, therefore, to pay the premiums upon that day, thereby continuing the policies in force. The claimed forfeiture excuses the payment or tender of further premiums which may be deducted from the amount found due from the face of the policy. Meyer v. Knickerbocker Life Ins. Co., 73 N. Y. 516, 528, 29 Am. Rep. 200; Denison v. Masons' Accident Association, 59 App. Div. 299, 69 N. Y. Supp. 291.

Judgment and order reversed and a new trial granted; costs to appellant to abide the event. All concur.